UNITED AIRLINES, Plaintiff-Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-1826

Opinion filed September 29, 1980.

Wiedner & McAuliffe, of Chicago (Paul Wiedner, of counsel), for appellant.

Beermann, Swerdlove, Woloshin & Barezky, of Chicago (Miles N. Beermann and Howard A. London, of counsel), for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This record presents a problem in workmen's compensation law. Upon direct appeal from the circuit court to the supreme court (Ill. Rev. Stat. 1979, ch. 110A, par. 302(a)), one judge of the supreme court recused himself. The remaining members of the court were divided in their views of the case. The appeal was accordingly transferred to this court.

The parties hereto, United Airlines (plaintiff) and the surviving widow and children of a deceased employee (defendants), stipulated before the arbitrator that David McKellar died on April 21, 1976, from accidental injuries which arose out of and in the course of his employment. The earnings of the deceased during the year preceding his death were $18,158.40. His weekly average pay was $349.20. The arbitrator directed payment of $205 per week by plaintiff to the widow and children pursuant to section 7(a) of the Workmen's Compensation Act. Ill. Rev. Stat. 1975, ch. 48, par. 138.7(a).

Upon review, the Industrial Commission increased the compensation rate to $232.80 per week. Plaintiff sought administrative review. The circuit court affirmed the Commission. This appeal by plaintiff followed.

Decision of this case involves a construction of statutory provisions as follows:

I.

Section 7(a) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.7(a)) is headed "Amount of compensation—Fatal cases." The statute provides for payment of compensation to the surviving widow and children with "the applicable weekly compensation rate computed in accordance with sub-

paragraph 2 of paragraph (b) of Section 8 [Ill. Rev. Stat. 1975, ch. 48, par. 138.8] * * *."

## II.

Section 8(b)(2) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(b)(2)) is headed "Amount of compensation—Nonfatal cases." It provides:

"The compensation rate in all cases other than for temporary total disability under this paragraph (b) of this Section shall be equal to 66 2/3% of the employee's average weekly wage computed in accordance with the provisions of Section 10 [Ill. Rev. Stat. 1975, ch. 48, par. 138.10], provided that it shall be not less than the following amounts in the following cases:
* * *
$91.80 in case of 3 children;
* * *
nor exceed the employee's average weekly wage computed in accordance with the provisions of Section 10, whichever is less."

## III.

Section 10(a) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.10(a)) provides:

"(a) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings if in the employment of the same employer continuously during the year next preceding the injury."

## IV.

Section 8(b)(4) (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(b)(4)), also headed "Amount of compensation—Nonfatal cases," provides:

"The weekly compensation rates hereinbefore provided shall be subject to the following limitations:

The maximum weekly compensation rate from the effective date of this amendatory Act of 1975, through June 30, 1977, shall be 100% of the State's average weekly wage in manufacturing industries, that being the wage that most closely approximates the State's average weekly wage."

## V.

Section 8(b)(5), (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(b)(5)) provides:

"For the purpose of this Section this State's average weekly wage in manufacturing industries on the effective date of this amendatory Act is hereby fixed at $205 per week and the computation of

compensation rates shall be based on the aforesaid average weekly wage until modified as hereinafter provided."

The views of the litigants diverge sharply with reference to the meaning of this legislation. Plaintiff urges pertinent statutes show the legislature intended to fix a minimum and a maximum rate for fatal cases. The defendants urge the Commission was correct in computing the amount of compensation in fatal cases simply on the basis of section 8(b)(2) which would allow 66 2/3 percent of the employee's average wage. Defendants fortify their position with the contention that under the language used in the heading of this statute, section 8(b)(2) refers only to nonfatal cases and is applicable to fatal cases only because of the provision above quoted in section 7(a).

■■ We are not convinced by defendants' argument regarding the headline "Amount of compensation—Fatal cases," which appears above section 7 of the Act, and "Amount of compensation—Nonfatal cases" above section 8. The supreme court has held this type of information "is supplied by the compiler of the statute and forms no part of the title or contents of the act." *(People v. Flaherty* (1947), 396 Ill. 304, 314, 71 N.E.2d 779, *cert. denied* (1947), 331 U.S. 856, 91 L. Ed. 1863, 67 S. Ct. 1745.) Also, in *People v. Trigg* (1968), 97 Ill. App. 2d 261, 270, 240 N.E.2d 130, *appeal denied* (1968), 39 Ill. 2d 626, the court held:

> "In the interpretation of the meaning of a particular section the plain meaning of the substantive provisions of the section cannot be limited by its heading."

■■ However, defendant correctly points out the wording of section 7 referring to "compensation which shall be paid for an accidental injury to the employee resulting in death" and the wording of section 8 concerning "compensation which shall be paid to the employee for an accidental injury not resulting in death." In our opinion, the case does not turn upon this wording only. The meaning of the statute is best determined by a consideration of the entire Act and all of the pertinent language.

The first statutory excerpt above quoted, pertaining to section 7(a) of the Act provides, "the applicable weekly compensation rate computed in accordance with subparagraph 2 of paragraph (b) of section 8" is to be payable during the life of the widow as therein stated. Section 8(b)(2) of the Act, to which we are thus referred, fixes a minimum for the compensation payments. The payments are to be computed in accordance with section 10 but "shall not be less than" $91.80 per week where three children survive and may not exceed the employee's average weekly wage computed under section 10, "whichever is less." The minimum payments are thus fixed in either alternative.

Section 8(b)(2) does not within itself refer to any other portion of the Act other than section 10. However, section 8(b)(4) directly provides, as

shown in quotation IV above, that "[t]he weekly compensation rates hereinbefore provided shall be subject to the following limitations: * * *." The maximum weekly rate is then fixed until June 30, 1977, at "100% of the State's average weekly wage in manufacturing industries." Section 8(b)(5) of the Act specifically fixes the State's average weekly wage at $205 per week.

Consequently, it appears to us that the legislature has fixed the minimum and maximum weekly compensation to be paid herein. Under defendants' theory we would have a minimum payment fixed by section 8(b)(2), but we would be left dangling without a maximum. We would be compelled to disregard the clear provisions of section 8(b)(4), which specifically limit subparagraph 2 by providing for a maximum of 100 percent of the State's average weekly wage. It seems to us that adopting this point of view would require us to render meaningless and superfluous the language of section 8(b)(4) and the accompanying designation of the maximum weekly rate fixed in subparagraph 5 of the same section. In arriving at this result, we would violate the cardinal rule to construe the statute so "that no word, clause or sentence is rendered meaningless or superfluous." *People v. Lutz* (1978), 73 Ill. 2d 204, 212, 383 N.E.2d 171; *People v. Lofton* (1977), 69 Ill. 2d 67, 72, 370 N.E.2d 517.

■■ In our opinion, the above definition of minimum and maximum arises from the plain and ordinary meaning of the language of this statute. We are constrained to follow this rule without the need of resorting to any other construction. (*People v. Moore* (1978), 69 Ill. 2d 520, 523, 372 N.E.2d 666; *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139, 361 N.E.2d 585.) Only by following these precepts may we declare " 'the practical and liberal interpretation' " of this statute as stated by the supreme court. *Monterey Coal Co. v. Industrial Com.* (1980), 79 Ill. 2d 334, 338, 403 N.E.2d 263, quoting *Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158, 165, 287 N.E.2d 701.

■■ It seems to us it is essential to conclude that the statute here is intended to create maximum as well as minimum limits. The basic aim of workmen's compensation legislation is elimination of the concept of fault which is generally concomitant with permitting recovery without a specified maximum. The Act as now in force specifies maximum payments not only as above demonstrated but also in other types of injury not resulting in death. See Ill. Rev. Stat. 1979, ch. 48, par. 138.8(b)(4.2) and (d)(1).

We cannot refrain from stating one further thought. In our opinion, proper application of the law as above demonstrated puts us in the unfortunate position of reducing compensatory payments to a widow and children during a period of inflation. We have taken this step with great reluctance and then only because we feel keenly that the matter is one which should be remedied by the legislature with all possible speed.

■■ The order appealed from is accordingly reversed and the cause is remanded to the circuit court with directions for the entry of an order fixing the maximum compensation payment herein in the amount of $205 per week.

Order reversed and cause remanded with directions.

McGLOON and CAMPBELL, JJ., concur.