2 Ill. App.3d 861 (1972)
277 N.E.2d 544
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
JAMES ROY PEARSON, Defendant-Appellant.
No. 70-71.
Illinois Appellate Court  Third District.
January 7, 1972.
Bruce Stratton, of Defender Project, of Ottawa, (John L. Barton, of Defender Project, of counsel,) for appellant.
*862 Clarence A. Darrow, Assistant State's Attorney, of Rock Island, for appellee.
Reversed and remanded.
Mr. JUSTICE STOUDER delivered the opinion of the court:
A jury found Defendant, James Roy Pearson, guilty of robbery and pursuant to such verdict the Circuit Court of Rock Island County entered its judgment of conviction and sentenced defendant to a term of from 3 to 7 years in the penitentiary from which judgment and sentence defendant appeals.
Shortly after Theodore Kononovs left Woody's Clover Club Tavern on June 26, 1969, he was approached from behind by two men. One knocked his glasses off, covered his face and held his arms while the other went through his pockets taking his wallet and keys. Kononovs fought to free himself. The person holding him removed his hands from Kononovs' eyes and slipped off his wrist watch. Kononovs testified he turned and saw James Pearson, the same man that he had been seated next to in the tavern. According to the witness, Pearson ran into the darkness although there is some confusion regarding which of the men ran where.
Thelma Thornton, who was working in the Clover Club, observed Pearson whom she knew, "tussling" with Kononovs in front of the tavern. When she saw them, they were not face to face and Pearson had Kononovs around the neck.
The defendant denied involvement in the robbery but admitted being in physical contact with the complainant outside the tavern. Defendant admitted angry words may have passed between him and the complainant in front of the tavern, since the complainant had previously asked him for aid in procuring a woman.
After the robbery Theodore Kononovs was taken to the police station and given a packet of twenty-five photos, one of which was that of James Pearson. Kononovs went through the packet identifying Pearson's photo as that of his assailant. The following morning Pearson was arrested.
In seeking to reverse his conviction and sentence defendant argues that he was denied a fair trial because the State shifted the burden of proof to defendant requiring him to prove his innocence and also make inflammatory and prejudicial remarks to the jury.
During its case in chief the State called Hollis McBride, a customer of the tavern, who had been there shortly before the incident took place. He testified that he saw the complaining witness in the tavern and that prior to the incident he had spoken to defendant and a friend of defendant's also an acquaintance of the witness, Gene Oliver. According *863 to his testimony McBride had left the tavern before the robbery but did see Pearson walking south from the tavern sometime later.
Defendant Pearson testified in his own behalf but in such testimony did not refer to Gene Oliver. However on cross-examination the following took place, "State's Attorney: Q. And if Gene Oliver was there, he might have something to say to these people that you weren't the right person. Isn't that a fair assumption? Defendant A. (No answer) State's Attorney: Q. Are you saying Mr. McNeal [defense counsel) didn't bring Gene Oliver here? Is he trying to hide something, or are you trying to hide something? Mr. McNeal: I am going to object * * * Mr. Braud: I want to know where Gene Oliver is. Defendant: A. I didn't know where he was." During the closing argument, the State's Attorney refreshed the jury's recollection of this improper exchange by demanding to know why Gene Oliver was not produced to prove the defendant's innocence. "Did he tell the police at that time, `You got the wrong man, Gene Oliver saw me in there, Why don't you ask Gene Oliver. Why don't you ask Gene Oliver who went out behind him'. "* * * Why didn't he tell the police, `Bring Gene Oliver, He'll tell you what a good guy I am, and in fact, that two other people committed this crime', but he didn't." Later in his closing argument the State's Attorney declared, "* * * I don't think it is an excuse to come in here and say, `I don't remember'. If he didn't do it, tell us who can prove it. Say, `Gene Oliver can tell you about it.' * * *".
 1, 2 We have recently had occasion to consider at some length in People v. Pepper, (Ill. App.2d), N.E.2d (opinion filed December, 1971), the problem which results when the State argues the unfavorable inferences from the defendant's failure to call witnesses. According to People v. Munday, 280 Ill. 32, 117 N.E. 286, People v. Rubin, 366 Ill. 195, 7 N.E.2d 890 and People v. Smith, 74 Ill. App.2d 458, 221 N.E.2d 68, if a person possessing facts having a bearing upon the charges against the defendant is equally accessible to the prosecution and the defense it is improper for the State to comment on the failure of the defense to call that individual. The record discloses no inequality of accessibility but rather an incomplete investigation. The fact that the State may not have ascertained the existence of the witness does not prove the witness to be inaccessible thereby shifting the obligation to produce such witness to the defendant. The cross-examination of the defendant in this regard is particularly objectionable since the defendant did not in his direct testimony allude to Oliver.
When the cross-examination of defendant and the prosecutor's remarks to the jury are considered together there can be little doubt of their improper and prejudicial effect.
*864  3 Defendant has also complained of other improper remarks by the State's Attorney during final argument but since it is our opinion that this case must be tried again we believe it unnecessary to consider such remarks in detail since we hope they will not recur. It is sufficient to say that we believe the remarks of the State's Attorney in expressing his personal beliefs and accusing defense counsel of trickery and indicating that the community wanted the conviction, all interjected irrelevant issues into the case depriving defendant of a fair trial.
For the foregoing reasons the judgment of the Circuit Court of Rock Island County is reversed and remanded with directions that defendant be granted a new trial.
Reversed and remanded with directions.
ALLOY, P.J., and SCOTT, J., concur.