THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SALVADOR MUNOZ, Defendant-Appellant.

First District (3rd Division)     No. 63095

Opinion filed December 2, 1976.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Larry L. Thompson, Assistant State's Attorneys, and Paul L. Zido, Jr., law student, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Salvador Munoz, was charged with attempt murder. After a jury trial in the circuit court of Cook County, he was found guilty of that crime and the court sentenced him to 12 to 20 years. Defendant contends on appeal that he was not proved guilty beyond a reasonable doubt. He argues in the alternative that the sentence imposed was excessive.

At approximately 10 p.m. on April 24, 1974, Officers Patrick Feeney and Gary Bulava of the Chicago Police Department were on patrol duty in a marked squad car. Both were in full uniform. The officers received a call regarding men with shotguns. When the officers arrived at the scene, the matter had been concluded by other officers. The officers proceeded on their patrol. A short distance away, Officer Bulava observed Salvador Carlin, whom he recognized, walking on the sidewalk. Carlin was accompanied by defendant. Since the officers had received a report of a possible gang fight, Bulava decided to question the two men. Bulava, who was driving, curbed the squad car a few feet from the pair. When the officers exited the squad car and confronted the men, defendant ran down the street.

Officer Feeney testified that he called out to defendant to stop. Defendant continued to run with Feeney in pursuit. As defendant ran, Feeney saw him withdraw a gun from his pocket. Defendant, about 10 to 15 feet from Feeney, turned and fired two shots directly at the officer. Feeney crouched down and, without firing it, removed his revolver from the holster. Defendant resumed running and Feeney, now about 20 feet behind him, renewed pursuit. A little further down the street, defendant again stopped, turned and fired five shots directly at the officer. Feeney again took cover, and returned the fire. Feeney fired five shots, hitting defendant three times. Defendant fell into the mouth of the alley, the gun falling from his hand. Feeney recovered the gun. Feeney testified that the entire chase lasted 20 to 30 seconds and covered about 200 feet.

Officer Bulava testified that, when defendant fled, Carlin attempted to run. Bulava grabbed him around the neck and, holding Carlin firmly,

followed Feeney and defendant. Bulava's testimony corroborated Feeney's version of the incident.

After defendant was taken to the hospital, the two officers, with the assistance of others, searched for evidence. They found two shell casings at one spot and five shell casings at the mouth of the alley. Sergeant Donald E. Smith, a firearms expert, testified that he received the gun and shell casings and performed various tests. He concluded that the recovered shell casings could have been fired only from the recovered gun.

Defendant testified in his own behalf that he fled in order to discard his gun in the nearby alley. He carried the gun as protection from a gang of which he used to be a member. As he ran, defendant heard two shots and was struck in the leg. He heard two more shots and fired twice in return hoping to frighten the officer. Defendant continued running and was struck in the back and side by two more bullets. As he was falling, his gun discharged repeatedly. Defendant did not intend to injure or kill any police officers. Defendant was 22 years of age when this incident occurred.

Both sides presented into evidence photographs of the scene of the incident. By stipulation, the State was permitted to read defendant's conviction statement to the jury. The jury was instructed on both attempt murder and aggravated assault, and found defendant guilty of attempt murder.

■■ We find no merit in defendant's contention that he was not proved guilty of attempt murder beyond a reasonable doubt. A person commits attempt murder when, with the intent to commit murder, he does any act which constitutes a substantial step toward the commission of murder. (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(a).) The State adduced evidence, accepted by the jury, that defendant, deliberately and without justification, fired seven shots directly at a uniformed policeman in close proximity. This evidence supports a finding of guilty of attempt murder. Defendant maintains in his brief, "that, since the jury rejected his assertion of self-defense, it must have concluded that the belief he possessed in the need for force was unreasonable." Defendant argues, therefore, that it follows that the jury found he possessed the mental state only to commit manslaughter rather than murder. We find the argument contrived and unpersuasive. The simple answer is that the jury rejected defendant's version of the incident, and that it believed the testimony offered by the State. Defendant was proved guilty of attempt murder beyond a reasonable doubt.

■■ Defendant argues in the alternative that the sentence of 12 to 20 years is excessive. While this court has the authority to reduce sentences under Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, par.

615), our supreme court has indicated that the authority should be exercised with considerable caution and circumspection. (*People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673.) We do not believe that the circumstances of the present case warrant an exercise of that authority.

At the hearing in aggravation and mitigation, the State offered evidence of defendant's prior criminal record. In 1971 defendant had been placed on probation for unlawful use of weapons. In 1972 he received two days in jail for battery. Later in 1972, he was sentenced to 90 days in jail on a theft charge reduced from robbery. In 1973, he again was placed on probation for battery, and was on probation at the time of the instant occurrence. Defense counsel stated that, since the trial court had the presentence report before it, defendant would offer nothing additional in mitigation.

Defendant's act of firing seven shots directly at a police officer was deliberate. It was also brutal and heinous. As the trial judge commented at the time of sentencing, it was miraculous that Officer Feeney was not killed. In view of the nature of the crime and in light of defendant's previous criminal history, we do not believe that the sentence imposed was excessive.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

MEJDA, P. J., and McGLOON, J., concur.