(No. 49184-85 cons.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROBERT LEE MOORE, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MICHAEL KUCHARCZYK, Appellee.

*Opinion filed January 20, 1978.*

William J. Scott, Attorney General, of Springfield, and Thomas J. Difanis, State's Attorney, of Urbana (James B.

Zagel, Jayne Carr, and Donald B. Mackay, Assistant Attorneys General, of Chicago, and Robert C. Perry, Principal Attorney, and Jeffrey B. Levens, Staff Attorney, Illinois State's Attorneys Association Prosecutor's Appellate Service, of Springfield, of counsel), for the People.

Richard J. Wilson, Deputy Defender, of the Office of the State Appellate Defender, of Springfield (Richard E. Cunningham and Richard J. Geddes, Assistant Defenders, of counsel), for appellees.

MR. JUSTICE CLARK delivered the opinion of the court:

The defendants, Robert Lee Moore and Michael Kucharczyk, were convicted of attempted murder in unrelated proceedings in the circuit court of Champaign County. Each was sentenced to a term of imprisonment of 4 to 10 years. The appellate court, disposing of the cases without opinion under Rule 23 (58 Ill. 2d R. 23), affirmed the convictions, but remanded the cases on the basis of *People v. Athey* (1976), 43 Ill. App. 3d 261, for resentencing. It found the trial court believed the recommended minimum sentence of 4 years to be mandated by law. We allowed the State's petitions for leave to appeal (58 Ill. 2d R. 315) and consolidated the cases.

The issue is clear. Did the trial court err in sentencing the defendants to a minimum of 4 years and a maximum of 10 years in prison? We find it did and affirm the orders of the appellate court.

The record indicates the trial court, at the sentencing hearing, imposed the sentence on the basis of its belief that the "charge of attempted murder carries with it a minimum of four years in the penitentiary." The relevant part of section 8—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(c)) is:

"A person convicted of an attempt may be fined or

imprisoned or both not to exceed the maximum provided
for the offense attempted but ***

> (1) the sentence for attempt to commit murder
> shall not exceed the sentence for a Class 1 felony;
> ***."

(There is no issue here involving the maximum sentence
that can be given for a Class 1 felony: "the maximum term
shall be any term in excess of 4 years." Ill. Rev. Stat.
1973, ch. 38, par. 1005—8—1(b)(2).)

The State argues that attempted murder is a Class 1
felony. If that is not clear from the language employed in
section 8—4(c)(1) of the Criminal Code of 1961, so the
argument goes, it is clear from the legislative intent.
Furthermore, the State contends, the failure to use
language stating that attempted murder is a Class 1 felony,
either in itself or for sentencing purposes, is merely
legislative oversight. Although the State concedes the
language of section 8—4(c)(1) is not internally inconsistent
or confusing, the State maintains there are external
contradictions. Thus the State suggests that affirmance of
the appellate court would not only result in crimes of
attempt being removed from the general classification
scheme of the Unified Code of Corrections (Ill. Rev. Stat.
1973, ch. 38, pars. 1001—1—1 *et seq.*) but also would
result in a new, inconsistent and separate classification of
such crimes. Finally, the State believes the laws of other
States and Illinois case law dictate reversal of the appellate
court.

The State's reasoning is enticing, but, in the end, not
persuasive. The language of section 8—4(c)(1) (Ill. Rev.
Stat. 1973, ch. 38, par. 8—4(c)(1)) is not ambiguous. It is
clear, and the State admits there is no internal contradic-
tion. It does not say attempted murder *is* a Class 1 felony.
It does not state that, "for sentencing purposes,"
attempted murder *is* or *is to be considered* a Class 1
felony. It does not set out a minimum sentence for

attempted murder. Section 8–4(c)(1) plainly and only declares that "the sentence for attempt to commit murder shall *not exceed* the sentence for a Class 1 felony." (Emphasis added.) That section only speaks of a sentence not in excess of that for Class 1 felonies; in other words, it refers only to a maximum sentence. For us to read more into the statute, which was in effect at the time the Unified Code of Corrections was adopted, would be in excess of our judicial role.

We have very recently held:

> "The language of a statute must be given its plain and ordinary meaning. '*** the intention of the legislature should be ascertained ***. This is to be done primarily from a consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction. [Citations.] There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports.' " (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40.)

We find that language and rule appropriate here. (See *People v. McCoy* (1976), 63 Ill. 2d 40, 44-45; *People ex rel. Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546; *cf. People v. Bratcher* (1976), 63 Ill. 2d 534, 542-43.) In short, the clear language must be given effect. If any change is to be made, it must come from the legislature.

The State next contends that *People ex rel. Weaver v. Longo* (1974), 57 Ill. 2d 67, and *People v. Scott* (1974), 57 Ill. 2d 353, have established a common law rule that a crime of attempt is categorized as one class below the classification into which the offense would have fallen had the offense been completed. We do not believe those cases

are on point since in neither was the classification of a crime of attempt required for their disposition, nor was there an issue involving mandatory minimum sentences for crimes of attempt. Indeed, this court recognized that the language of the two cases clearly indicated that its reference to classification of crimes of attempt (as a class below the classification of the crime if completed) was *dicta* and not necessary to dispose of the issues therein. (57 Ill. 2d 67, 70, and 57 Ill. 2d 353, 359.) We should also point out that in *People v. Scott* (1974), 57 Ill. 2d 353, 356-58, as in *People v. Bratcher* (1976), 63 Ill. 2d 534, 541-43, unlike the instant case, the inherent contradictions in the statutes in question there were glaringly evident.

Finally, the State has cited authority regarding the classification of crimes of attempt in other jurisdictions. We find that authority unpersuasive, however, in light of the plain language of the statute at issue in this case (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(c)(1)). Once again, we give that language its ordinary meaning, for we start with the presumption that the legislature meant what it said. *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40.

This decision does not prevent a trial court, in its sound discretion, from imposing a minimum sentence for crimes of attempt in accordance with section 8—4(c). Rather, we affirm the appellate court's reversals of the circuit court's judgments for the latter court's mistaken belief that a minimum sentence of 4 years was required as a matter of law.

*Judgments affirmed.*