THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGORY D. THORNS, Defendant-Appellant.

First District (1st Division)   No. 77-262

Opinion filed July 24, 1978.

Chester Slaughter, of Howard, Mann & Slaughter, of Chicago (P. Scott Neville, Jr., of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder, and Marva W. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BUCKLEY delivered the opinion of the court:

The defendant, Gregory Thorns, was charged by indictment with one count of murder and one count of attempted murder in connection with an August 10, 1974, shooting incident in which Roger Booker was killed. After a jury trial in the circuit court of Cook County, Thorns was found guilty of attempted murder and sentenced for a term of five to 15 years. It is from that conviction that defendant appeals, asserting that there was insufficient evidence of intent to kill, that there was error in the court's refusal to instruct the jury on testimony of a drug addict and that the sentence imposed was excessive.

For the reasons stated below, we find only the last of these contentions meritorious. Accordingly, we affirm the defendant's conviction but remand this cause for resentencing.

The evidence at trial relevant to this appeal may be summarized as follows:

The defendant, Gregory Thorns, was standing with his girlfriend, Eva Gray, and brothers David and Roger Booker, in front of David Booker's home on August 10, 1974. At about 1 a.m. David Booker went to make a phone call, and when he returned he and Thorns became involved in an argument about money. There was conflicting testimony as to the purpose of the phone call and its relation to the argument that followed, as well as regarding the reasons for the dispute over money.

Somehow, a gun was introduced into the argument and Roger Booker was fatally shot. Thorns had possession of the weapon immediately thereafter, and, as David Booker fled, Thorns fired three times in his direction.

David Booker testified that Thorns stated to him, "I'm going to kill you, too," before firing the shots and claimed one of the shots fired passed through his hairline. Eva Gray testified that David Booker was doing nothing but running when Thorns fired at him. Thorns testified that, in firing the gun, he was not trying to kill David Booker.

How the gun came into play originally was the subject of conflicting testimony. Thorns and Gray said the argument had turned into a struggle when David produced the gun. David Booker said Thorns had the gun all along.

David Booker also testified that he had used and sold heroin and had been arrested in 1971 for selling narcotics, pleaded guilty and was sentenced to five years' probation and sent to a drug abuse program. He testified that, at the time of trial, he was "completely drug free" although at the time of the incident he was participating in a methadone program. On the day before the incident, he had taken methadone, and six hours later he drank a small amount of wine.

■■ Defendant's first contention is that his conviction must be reversed because it was based on legally insufficient evidence as to intent. He correctly asserts that a specific intent to take human life is a material element of the offense of attempted murder (*People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28), and therefore such intent must be proved beyond a reasonable doubt (*People v. McChristian* (1974), 18 Ill. App. 3d 87, 309 N.E.2d 338, *aff'd* (1975), 60 Ill. 2d 37, 322 N.E.2d 804). However, the requirement of proof beyond a reasonable doubt does not preclude a conviction based solely on circumstantial evidence (*People v. Koshiol* (1970), 45 Ill. 2d 573, 578, 262 N.E.2d 441, *cert. denied* (1971), 401 U.S. 978, 28 L. Ed. 2d 329, 91 S. Ct. 1209). Thus, evidence of the overall circumstances surrounding the act in question will support a conviction if they give rise to an inference of intent to kill (*People v. Coolidge* (1963),

26 Ill. 2d 533, 536-37, 187 N.E.2d 694, *People v. Shields* (1955), 6 Ill. 2d 200, 127 N.E.2d 440), and it is for the trier of fact to determine whether the evidence adequately proves such intent. *People v. Aliwoli* (1976), 42 Ill. App. 3d 1014, 1021, 356 N.E.2d 891.

A reviewing court will not set aside a jury verdict unless it is so unsatisfactory as to raise a reasonable doubt of the defendant's guilt, nor will it substitute its judgment for that of the jury. *People v. Beacham* (1977), 50 Ill. App. 3d 695, 365 N.E.2d 737.

■■ The testimony at trial in the present case was uncontradicted that the defendant fired a pistol in the direction of David Booker. The defendant testified that he did not aim and was not trying to kill David Booker, but the jury was not required to believe either of these assertions. The very fact of firing a gun at a person supports the conclusion that the person doing so acted with an intent to kill. *People v. Munoz* (1976), 44 Ill. App. 3d 339, 358 N.E.2d 82.

Accordingly, there was sufficient evidence to support the defendant's conviction.

Further, we see no inconsistency in defendant's acquittal on the charge of murder of Roger and his conviction for attempted murder of David Booker. These crimes involved distinct acts, and the jury determination as to one charge would not relate to its determination of the other unless a common scheme were somehow important to the proof in the case. No such scheme is necessary to the proof in this case. The shooting of Roger could have been unintentional, yet the shooting at David Booker intended to result in his death.

In any case, the jury verdict on the charge of murder may well have been nothing more than an exercise by the jury of its historic power of leniency. *People v. Hyman* (1972), 8 Ill. App. 3d 382, 290 N.E.2d 627.

The defendant's second contention is that it was error for the trial court to refuse to instruct the jury on the need to closely scrutinze testimony by a narcotic's addict, a request based on evidence of David Booker's addiction.

It is well established that the fact that a witness is addicted to narcotics makes his testimony deserving of close scrutiny (*People v. Boyd* (1959), 17 Ill. 2d 321, 161 N.E.2d 311, *People v. Hamby* (1955), 6 Ill. 2d 559, 129 N.E.2d 746), and that failure to permit facts concerning such addiction to be brought to the jury's attention is error (*People v. West* (1971), 3 Ill. App. 3d 106, 278 N.E.2d 233).

However, the defendant provides no authority for the view that an instruction to the jury regarding close scrutiny of such testimony is mandatory, and indeed instructions concerning credibility of witnesses are cautionary and the trial court has discretion in deciding whether to

issue such instructions. *People v. Miller* (1975), 31 Ill. App. 3d 436, 446, 334 N.E.2d 421, 429.

In the present case there was no evidence that David Booker was an addict at the time of trial, and at the time of the shooting incident the evidence shows at most that he had been participating in a methadone program and had taken some of that drug the day before, together with some wine. Although a person participating in a methadone program may experience a degree of dependence on that drug, his situation is distinguishable from that of a person addicted to an illegal drug. First, his dosage is regulated by competent medical personnel; second, the quality of the drug he receives is uniform; and third, he is not under constant pressure to find new ways to pay for his next injection. Accordingly, the danger of such a person's improperly perceiving events or intentionally lying about them is considerably less than for an addict of illegal drugs. Moreover, a former addict is no longer open to such questions of credibility, since he has regained his ability to perceive events and lost his general motive for unreliable behavior.

■■ In the present case, where the facts concerning the witness' drug use were already before the jury and the evidence did not show he was an addict at the time of his testimony, but only that he was participating in a methadone program at the time of the incident in question, an instruction concerning the weight to be given to testimony of a drug addict was unnecessary. Moreover, such an instruction might have proved misleading because it would have had the effect of placing a court interpretation on facts which were of debatable significance, *i.e.*, whether David Booker was an addict. Because such misleading instructions are to be avoided (*People v. Robinson* (1958), 14 Ill. 2d 325, 153 N.E.2d 65), refusal to give this instruction was proper.

The defendant's final contention is that the trial court erred in construing section 8—4(c)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 8—4(c)(1)) as indicating that the minimum sentence for attempted murder is four years, and that the sentence he received, five to 15 years, must therefore be vacated.

■■ The State concedes that this contention is correct in view of *People v. Moore* (1978), 69 Ill. 2d 520, 522-23, 372 N.E.2d 666, 668. In that decision, the Illinois Supreme Court found that, on facts such as these, it is proper to vacate a sentence so imposed and to reverse and remand for resentencing, because the statute provides no minimum sentence, and a sentence imposed in the mistaken belief that there is a minimum sentence of four years is improper and constitutes plain error.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed as it pertains to the defendant's conviction; however,

the sentence imposed is vacated and the cause remanded for reconsideration of the sentence.

Affirmed in part, vacated in part; cause remanded with directions.

McGLOON and O'CONNOR, JJ., concur.