THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EMIGDIO NODAL, Defendant-Appellant.

First District (5th Division)    No. 79-851

Opinion filed October 3, 1980.

Ralph Ruebner and Richard E. Cunningham, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Bruce Rose, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from the conviction of the armed robbery of one person and the attempt armed robbery of another and the concurrent sentences of six years and four years respectively. Questions are raised as to whether defendant was prejudiced by comments made in the State's closing argument and as to the propriety of the sentences for attempt armed robbery.

Since defendant makes no contention on appeal that his guilt was not proved beyond a reasonable doubt, and because his motion for directed verdict was granted as to an additional charge of murder, we will set forth only the evidence concerning the charges for which he was convicted.

In this regard, it appears from the testimony of Antonio Ortega that he and Jesus Paredes had left a restaurant and were walking home when they were approached by two men—the shorter of whom he later identified as defendant. When the taller man demanded money and displayed a knife, Ortega gave money to him and told Paredes to do likewise. Defendant, who was holding Paredes, then ripped or cut his pants—at which point Ortega and his companion ran from the scene and returned to the restaurant. Shortly thereafter, Paredes and others ran back to the scene of the robbery. Ortega followed in a car and, when he arrived, found a wounded Paredes who died en route to the hospital where an autopsy disclosed two stab wounds to have been the cause of death.

Police officer Bahr testified that he was at the hospital when a car arrived with four male Mexican passengers, one of whom was covered with blood. After receiving information from them concerning the occurrence, Bahr went with Guadalupe Soto (the English-speaking member of the group) to the scene, and there observed a pool of blood where Paredes had been picked up. Then, while driving around the area with Soto, the officer saw two teenage Mexican males who fit the description previously given him of the offenders. Defendant was one of them, and when the officer inquired about fresh bloodstains on the shirt, hands, and jacket, defendant said they came from a cut on his hand which was covered by a bandage. However, when the officer examined the area under the bandage and saw that a scab had already formed, he "frisked" defendant—finding a switchblade knife which was bloody from the handle to the end of the blade.

Police investigator Gonzales testified that he and another investigator spoke with defendant who, after being advised of his constitutional rights, said that he and Marcos Nunez (a codefendant) had earlier robbed two people who then returned a short time later with a group of others and, when they attacked him, he stabbed the person in front of him and ran away.

Opinion

Defendant initially contends that he was denied a fair trial by a number of remarks made by the prosecutor during closing argument.

He first argues that comments made by the prosecutor in rebuttal argument improperly "encouraged the jury to believe that the entire trial had been unfair to the State" and, in support thereof, directs us to numerous references made by the prosecutor to "fundamental fairness." Whether language used by a prosecutor requires reversal depends upon the facts of each case (*People v. Walsh* (1980), 80 Ill. App. 3d 754, 400 N.E.2d 587; *People v. Bigsby* (1977), 52 Ill. App. 3d 277, 367 N.E.2d 358), and it is clear that an accused cannot complain of statements made in rebuttal by the prosecutor which were invited by remarks of the defense counsel (*People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671, *cert. denied* (1979), 442 U.S. 929, 61 L. Ed. 2d 296, 99 S. Ct. 2858).

■■ At various times during his closing argument, defense counsel referred to the fact that while Gonzales had testified defendant told him he had robbed two people, he later testified that defendant said only that "we took some money." In referring to the unreliability of this testimony, defendant made comments in his closing argument implying that Gonzales was influenced by something he termed "power," as follows:

"That's power, you see. That's power, because you place it in the opinion of somebody that somebody is robbed.

❉ ❉ ❉

That's power, when you can get on a witness stand and say that. That's power.

❉ ❉ ❉

That's power, Ladies and Gentlemen. That's raw power.

❉ ❉ ❉

That's power. Then you get into the question of just being fundamentally fair.'"

In his rebuttal, the prosecutor, after referring to the above remarks of defense counsel, made comments concerning the fairness of the State's case and the unfairness of the remarks of defense counsel. We believe those comments of the prosecutor in rebuttal were invited by the remarks of defense counsel in his closing argument. Moreover, from our examination of the record, it appears clear that the comments of the prosecutor did not suggest to the jury, as argued by defendant, that the trial was conducted in a manner unfair to the State.

■■ Secondly, defendant complains that the prosecutor made statements on two occasions that he was not making a good argument because he was "too personally involved" in the case. This, defendant posits, "influenced the jury to rely on the prosecutor's belief in defendant's guilt." We note,

however, that defendant failed to make objection the first time this comment was made, thus waiving the issue on appeal (*People v. Lewis* (1979), 75 Ill. App. 3d 259, 393 N.E.2d 1098; *People v. Travis* (1976), 43 Ill. App. 3d 356 N.E.2d 678), and that immediately after the remark was made on the second occasion, the court instructed the jury to disregard the comment—thereby curing any possible adverse effect from the statement. In any event, we think that defendant's position is meritless because the prosecutor's remarks did not express a personal opinion as to guilt.

Third, defendant claims that he was prejudiced by the prosecutor's reference to State's witnesses as "clients we call because we believe in their veracity" and his further comment on defendant's failure to call certain witnesses who were with defendant on the evening of the robbery. ■■ Although the credibility of witnesses is a proper subject for comment in argument (*People v. Ramey* (1979), 70 Ill. App. 3d 327, 388 N.E.2d 196; *People v. Oden* (1975), 26 Ill. App. 3d 613, 325 N.E.2d 446), the prosecutor should not lend the weight of his office to support the credibility of State's witnesses (*People v. Brown* (1977), 47 Ill. App. 3d 920, 365 N.E.2d 514; *People v. Bolton* (1976), 35 Ill. App. 3d 965, 343 N.E.2d 190). Moreover, it is improper for the State to comment unfavorably upon the failure of defendant to produce witnesses who are not uniquely within his control (*People v. Whitley* (1977), 49 Ill. App. 3d 493, 364 N.E.2d 511; *People v. Sutton* (1977), 45 Ill. App. 3d 739, 359 N.E.2d 1132), since such remark tends to unfairly shift the burden of proof to the accused (*Whitley; People v. Pearson* (1972), 2 Ill. App. 3d 861, 277 N.E.2d 544).

■■ In the case at bar, we believe that the initial remark, suggesting that the witnesses were "clients", was an improper attempt to bolster the testimony of the witnesses called by the State and that the second challenged comment improperly drew attention to defendant's failure to call witnesses. However, while every defendant is entitled to a trial free from improper remarks or arguments, his conviction will not be disturbed on appeal unless such comments either "(1) constitute a material factor in his conviction or (2) result in substantial prejudice to the accused." (*People v. Witted* (1979), 79 Ill. App. 3d 156, 165, 398 N.E.2d 68, 76; *People v. Franklin* (1976), 42 Ill. App. 3d 408, 415, 355 N.E.2d 634, 641.) Here, the prosecutor's remarks did not constitute a material aspect in the convictions in view of the clear evidence establishing defendant's participation in the armed robbery—the testimony of the occurrence witness, the physical evidence, and the investigator's testimony of defendant's admitted involvement in the incident. Indeed, defendant does not even argue that he was not proved guilty beyond a reasonable doubt. Moreover, it does not appear that defendant was substantially prejudiced by the remarks since his objections to both were sustained, and the court

instructed the jurors that they were to consider only the evidence presented; that they were to disregard statements made in argument not based upon the evidence; and that the State has the burden of proving its case.

Defendant also contends that remandment for resentencing is required because of the trial court's erroneous belief that the 4-year sentence imposed was the mandatory minimum sentence for armed robbery. Initially, we note that in appeals from sentences entered on convictions of felonies, "there is a rebuttable presumption that the sentence imposed by the trial judge is proper." Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—4.1.

Section 8—4(c) of the Criminal Code of 1961 (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 8—4(c)), the statute under which defendant was sentenced for his conviction of attempt to commit armed robbery (a Class X felony), provides:

> "A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but
> * * *
> (2) the sentence for attempt to commit a Class X felony shall *not exceed* the sentence for a Class 1 felony * * *." (Emphasis added.)

At that time, it was also provided that "for a Class 1 felony, the sentence shall not be less than 4 years and not more than 15 years" (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(2)(4)), and the record discloses that after the trial judge expressed an intention on two occasions to impose the minimum sentence—based upon an evaluation of aggravating and mitigating factors—defendant was sentenced to four years on the attempt conviction.

Both defendant and the State agree that *People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666, is controlling here. In *Moore*, defendants were convicted of attempt murder. The trial court apparently believed that the recommended minimum sentence of four years was mandated by law and sentenced defendants to four to ten years. The pertinent statute, section 8—4(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(c)) provided:

> "A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but * * *.
> (1) the sentence for attempt to commit murder shall not exceed the sentence for a Class 1 felony * * *."

In rejecting the State's position that for sentencing purposes attempt murder should be considered a Class 1 felony, the court stated:

"[The statute] does not set out a minimum sentence for attempted murder. Section 8—4(c)(1) plainly and only declares that 'the sentence for attempt to commit murder shall *not exceed* the sentence for a Class 1 felony.' (Emphasis added.) That section only speaks of a sentence not in excess of that for Class 1 felonies; in other words, it refers only to a maximum sentence. For us to read more into the statute, which was in effect at the time the Unified Code of Corrections was adopted, would be in excess of our judicial role." (69 Ill. 2d 520, 522-23, 372 N.E.2d 666, 668.)

The court then remanded the case for resentencing because of the trial court's "mistaken belief that a minimum sentence of 4 years was required as a matter of law." 69 Ill. 2d 520, 524, 372 N.E.2d 666, 668.

Here, the language of the statute in question is the same as that which the *Moore* court construed as being a limitation on the maximum sentence to be imposed, but not a constraint on the minimum sentence. Thus, the trial court's misinterpretation of this sentencing statute, coupled with its indicated intent to impose a minimum sentence, rebuts the presumption that the sentence was properly imposed.

The State nonetheless urges that this issue was waived on review because defendant failed to object to the court's interpretation of the sentencing provision. We disagree, as we believe the plain error doctrine should be invoked. Under Supreme Court Rule 615(a), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court" (Ill. Rev. Stat. 1979, ch. 110A, par. 615(a)), and we are in accord with the holding in *People v. Thorns* (1978), 62 Ill. App. 3d 1028, 1032, 379 N.E.2d 641, 644, that "a sentence imposed in the mistaken belief that there is a minimum sentence of four years * * * constitutes plain error."

In view of the foregoing, defendant's convictions and the sentence for the armed robbery are affirmed, but the sentence for attempt armed robbery is vacated, and the matter is remanded for resentencing on the conviction for attempt to commit armed robbery.

Affirmed in part; vacated in part; and remanded.

LORENZ and WILSON, JJ., concur.