THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NELSON BELL, Defendant-Appellant.

Third District    No. 3—92—0963

Opinion filed March 23, 1994.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

The defendant, Nelson Bell, was convicted of one count of aggravated criminal sexual assault and one count of aggravated criminal sexual abuse (Ill. Rev. Stat. 1991, ch. 38, pars. 12—14, 12—16). He received a six-year sentence on the former count and a consecutive three-year sentence on the latter count. On appeal, the defendant contends that the trial court mistakenly believed that it had to impose consecutive sentences. We agree and remand for resentencing.

At trial, 10-year-old D.W. testified that during spring break in 1991, she and her sister, E.W., visited their uncle and aunt, the defendant and Shirley Bell. D.W. stated that they arrived at the defendant's house on a Monday. Later that day, the defendant asked her to go into the first-floor bathroom with him. In the bathroom, the defendant told her to pull down her pants. He then touched D.W.'s vagina and asked if anyone had been "messing" with her.

Twelve-year-old E.W. testified that she and D.W. went to the defendant's house on a Sunday. E.W. thought that on the following day the defendant asked her to go into the basement with him. In the basement, the defendant told E.W. to pull down her pants. He then rubbed her "privates."

The defendant was found guilty of two counts of aggravated criminal sexual assault and was sentenced to two consecutive six-year terms of imprisonment. In an earlier appeal, this court modified one of the convictions to aggravated criminal sexual abuse and remanded for resentencing on that count. (*People v. Bell* (1992), 234 Ill. App. 3d 631, 600 N.E.2d 902.) Upon remand, the trial court found that consecutive sentences were mandatory under section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a)). It then imposed a consecutive three-year term of imprisonment.

In this appeal, the defendant argues that his offenses did not constitute a single course of conduct during which there was no substantial change in the nature of the criminal objective. Consequently, he contends that the trial court erred in finding that consecutive sentences were mandatory.

Section 5—8—4(a) of the Unified Code of Corrections states in relevant part as follows:

> "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless *** the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a).

We find that the instant offenses did not constitute a single course of conduct during which there was no substantial change in the nature of the criminal objective. In support of our finding, we note that the offenses were committed against different victims at different times and in different places. We acknowledge that in *People v. Embry* (1993), 249 Ill. App. 3d 750, 619 N.E.2d 246, the court found that two aggravated criminal sexual assaults committed against two different victims were part of the same course of conduct with no substantial change in the nature of the criminal objective. However, in that case the evidence showed that all of the sexual contact had occurred in the same room within a short period of time. In the instant case, by contrast, the offenses occurred in different rooms, and there was no testimony as to how far apart in time they were. Moreover, given the conflict in the victims' testimony regarding the

574

day they had arrived and the time lapse between the offenses and that day, it is possible that the offenses occurred on different days. Thus, we find *Embry* to be distinguishable. *Cf. People v. Bole* (1993), 155 Ill. 2d 188, 194, 613 N.E.2d 740, 743 (finding that three sexual assaults committed against the same victim did not constitute a single course of conduct because there were "substantial interruptions" in time between each offense).

Based on the foregoing, we conclude that the trial court erred in finding that consecutive sentences were mandatory under section 5—8—4(a). Consequently, we vacate the sentence for aggravated criminal sexual abuse and remand for resentencing on that count. See *People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666.

Vacated in part and remanded.

LYTTON and McCUSKEY, JJ., concur.