(Nos. 76225, 76226, 76227, 76228, 76751 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DARRICK HICKMAN, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DOUGLAS HICKMAN, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant; v. PRINCE TURNER, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SEAN WRIGHT, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. PEDRO MORENO, Appellee.

*Opinion filed November 23, 1994.*

Roland W. Burris, Attorney General, of Springfield, and David R. Akemann, State's Attorney, of Geneva (Rosalyn B. Kaplan, Solicitor General, and Arleen C. Anderson and Michael A. Hurst, Assistant Attorneys General, of Chicago, of counsel), for the People.

Kevin T. Busch, of Aurora, for appellees Darrick Hickman and Douglas Hickman.

G. Joseph Weller, Deputy Defender, and Paul Alexander Rogers, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee Pedro Moreno.

JUSTICE FREEMAN delivered the opinion of the court:

Section 405.1(c) of the Illinois Controlled Substances Act provides that a person convicted of criminal drug conspiracy may be sentenced "not to exceed the maximum provided for the offense which is the object of the conspiracy." (720 ILCS 570/405.1(c) (West 1992).) We hold that this provision is not unconstitutionally vague and does not result in an unconstitutionally disproportionate sentencing scheme. We lastly interpret this pro-

vision consistent with this court's decision in *People v. Moore* (1978), 69 Ill. 2d 520.

## BACKGROUND

Defendants Darrick Hickman, Douglas Hickman, Prince Turner, and Sean Wright were ultimately charged in a four-count indictment in the circuit court of Kane County. Each of these defendants was charged with calculated criminal drug conspiracy (720 ILCS 570/405 (West 1992)), criminal drug conspiracy (720 ILCS 570/405.1 (West 1992)), attempted possession of a controlled substance with intent to deliver (720 ILCS 5/8—4, 570/401 (West 1992)), and attempted possession of a controlled substance (720 ILCS 5/8—4, 570/402 (West 1992)).

Defendant Pedro Moreno was charged in a three-count indictment in the same court. Moreno was charged with criminal drug conspiracy, attempted possession of a controlled substance with intent to deliver, and attempted possession of a controlled substance.

Each defendant asked the trial court to dismiss the criminal drug conspiracy charge and declare that the sentencing provision of the statute was unconstitutionally vague. The trial court so ruled.

The State appeals directly to this court. (134 Ill. 2d R. 603.) We consolidated these cases for review, and now reverse the trial court.

## DISCUSSION

Section 405.1 of the Controlled Substances Act states in pertinent part:

"§ 405.1. (a) Elements of the offense. A person commits criminal drug conspiracy when, with the intent that an offense set forth in Section 401, Section 402, or Section 407 of this Act be committed, he agrees with another to the commission of that offense. No person may be convicted of conspiracy to commit such an offense unless an

act in furtherance of such agreement is alleged and proved to have been committed by him or by a co-conspirator.

* * *

(c) Sentence. A person convicted of criminal drug conspiracy may be fined or imprisoned or both not to exceed the maximum provided for the offense which is the object of the conspiracy." 720 ILCS 570/405.1 (West 1992).

## Vagueness

The trial court found that subsection (c) of the criminal drug conspiracy statute does not provide for a *minimum* sentence. Rather, the subsection establishes only a *maximum* sentence, which cannot exceed the maximum sentence for the offense that is the object of the conspiracy. The trial court concluded that this absence of a minimum sentence renders subsection (c) unconstitutionally vague and, therefore, void. U.S. Const., amend. XIV.

Due process requires that a statute must not be so vague that persons of common intelligence must necessarily guess at its meaning or application. Also, the statute must provide sufficiently definite standards for law enforcement officers and fact finders that its application does not depend merely on their private conceptions. (*People v. Fabing* (1991), 143 Ill. 2d 48, 53 (and cases cited therein).) A sentencing provision may likewise be void for vagueness if it does not state with sufficient clarity the consequences of violating a given criminal statute. *United States v. Batchelder* (1979), 442 U.S. 114, 123, 60 L. Ed. 2d 755, 764, 99 S. Ct. 2198, 2204.

However, mathematical certainty in language is not required. (*Fabing*, 143 Ill. 2d at 53.) A statute satisfies due process so long as: (1) the statute's prohibitions are sufficiently definite, when measured by common understanding and practices, to give a person of ordinary intelligence fair warning as to what conduct is prohibited, and (2) the statute marks boundaries sufficiently distinct for judges and juries fairly to administer the

law in accordance with the intent of the legislature. *United States v. Petrillo* (1947), 332 U.S. 1, 7-8, 91 L. Ed. 1877, 1883, 67 S. Ct. 1538, 1542; *People v. Bales* (1985), 108 Ill. 2d 182, 188.

Further, a court presumes that a statute is constitutional. Accordingly, the party challenging the statute has the burden of clearly establishing its constitutional infirmity. A court will construe a statute as constitutional if it can reasonably be done. (*Bales*, 108 Ill. 2d at 188.) This principle applies also to a sentencing provision. *United States v. Evans* (1948), 333 U.S. 483, 486, 92 L. Ed. 823, 826, 68 S. Ct. 634, 636.

The trial court concluded that the absence of a minimum sentence renders subsection (c) of section 405.1 void for vagueness. The trial court believed that a minimum sentence was essential to any valid sentencing provision. ("If you create a new offense, you got to know what the minimum [sentence] is.") Referring to section 405.1(c), the trial court believed that a minimum sentence of zero constituted inadequate notice of the possible penalty, and provided inadequate guidance to a court in determining a minimum sentence.

We disagree. Addressing the requirement of fair notice, we conclude that subsection (c) provides fair warning of the possible penalty. It is established that "[i]ndividuals are entitled to fair notice of the criminal consequences of felonious activities—not necessarily letter perfect notice." *United States v. Ferryman* (1st Cir. 1990), 897 F.2d 584, 590.

In the present case, subsection (c) of section 405.1 plainly and unambiguously notifies a person of common intelligence that if he or she is convicted of criminal drug conspiracy, that person could be imprisoned or fined or both, from zero (see *People v. Moore* (1978), 69 Ill. 2d 520) up to the maximum sentence for the offense that is the object of the conspiracy. Of course, subsection

(c) could have provided letter-perfect notice had it specified a minimum penalty. However, that is not a constitutional requirement. Due process requires only fair notice, which subsection (c) provides.

Addressing the fair-administration requirement, we conclude that subsection (c) provides sufficiently definite standards for trial courts to fairly administer the law. The plain language of subsection (c) does not create the multiple, conflicting penalties presented to the United States Supreme Court in *United States v. Evans* (1948), 333 U.S. 483, 92 L. Ed. 823, 68 S. Ct. 634. Rather, subsection (c) plainly and unambiguously establishes a sentencing range "simply between no penalty, at the one extreme, and, at the other, fine plus imprisonment up to the specified maxima" for the object of the conspiracy. (See *Evans*, 333 U.S. at 484, 92 L. Ed. at 825, 68 S. Ct. at 635.) Trial courts commonly determine sentences within statutorily defined ranges in the sound exercise of their discretion. (See *People v. Lambrechts* (1977), 69 Ill. 2d 544, 559; *People v. Perruquet* (1977), 68 Ill. 2d 149, 153.) We hold that subsection (c) is not unconstitutionally vague.

## Disproportionality

Defendant Moreno concedes that section 405.1(c) of the Controlled Substances Act is not unconstitutionally vague. However, Moreno contends that subsection (c) violates due process (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Moreno argues that a person convicted of criminal drug conspiracy could receive under subsection (c) a sentence greater than if convicted of what he describes as the "more serious" offense of calculated criminal drug conspiracy, depending on the amount of drugs that is the subject of the conspiracy.

Initially, we note that Moreno and the State dis-

agree whether this issue is waived for review. However, we need not address this waiver issue because we conclude that subsection (c) does not violate these constitutional guarantees. See *People v. Wade* (1989), 131 Ill. 2d 370, 374-76.

Due process requires that the legislature reasonably design penalty provisions to remedy the particular evil which the legislature has selected for treatment under the statute in question. (*People v. Steppan* (1985), 105 Ill. 2d 310, 319.) The proportionate penalties clause in our constitution requires that the legislature, in defining crimes and their penalties, consider, *inter alia,* the seriousness of the offense. A sentencing scheme violates the proportionate penalties clause where conduct that creates a less serious threat to the public health and safety than other conduct is punished more harshly. *People v. Johns* (1992), 153 Ill. 2d 436, 447.

Our constitution empowers the legislature to declare and define criminal conduct and to determine the type and extent of punishment for it. The legislature, as an institution, is more aware than the courts of the evils confronting our society and, therefore, is more capable of gauging the seriousness of various offenses. Accordingly, although sections 2 and 11 of our constitution's bill of rights restrain somewhat the powers of the legislature to establish criminal penalties, courts are reluctant to invalidate penalties that the legislature has prescribed. *Steppan,* 105 Ill. 2d at 319.

Thus, regarding due process, a court requires only that the penalty prescribed for a particular crime be reasonably designed to remedy the evils that the legislature has determined to be a threat to the public health, safety, and general welfare. (*Steppan,* 105 Ill. 2d at 319.) Under the proportionate penalties clause of our constitution, the standard of review is whether the penalty is cruel or degrading, or so disproportionate to

the offense committed as to shock the moral sense of the community. *Steppan*, 105 Ill. 2d at 320.

Applying these principles to subsection (c), we reject Moreno's constitutional challenges. We agree with the State that criminal drug conspiracy is not a "less serious" offense than calculated criminal drug conspiracy. Rather, both offenses are serious. The plain language of the Controlled Substances Act expresses different reasons for punishing each offense severely.

Each statute targets a particular evil that the legislature has identified. The offense of criminal drug conspiracy focuses on the amount of drugs that is the object of the conspiracy. (720 ILCS 570/405.1 (West 1992).) This offense reflects the legislative goal of punishing more severely "large-scale, unlawful purveyors and traffickers of controlled substances." (720 ILCS 570/100 (West 1992).) In contrast, the offense of calculated criminal drug conspiracy focuses on the organizer of the conspiracy. The offense punishes the organizer of the conspiracy more severely than the other, less culpable members thereof, without regard to the amount of drugs that is the object of the conspiracy. 720 ILCS 570/405 (West 1992); see *People v. Lucas* (1975), 33 Ill. App. 3d 309, 314-15.

Accordingly, Moreno's due process challenge fails. The legislature reasonably designed section 405.1(c) to remedy an identified evil. The availability of different punishments for separate offenses based on the same acts does not offend due process. (*Wade*, 131 Ill. 2d at 379.) Moreno's challenge based on the proportionate penalties clause of our constitution also fails. The penalty that subsection (c) imposes is not cruel or degrading, and is not so disproportionate to the offense as to shock the moral sense of the community. (See *Steppan*, 105 Ill. 2d at 320.) We hold that subsection (c) is not disproportionate.

Statutory Interpretation

Moreno alternatively asks us to construe subsection (c) so that it does not provide for a minimum sentence. We reach this conclusion based on the plain and unambiguous language of subsection (c).

The controlling principles are familiar. The cardinal rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent of the legislature. In determining the legislative intent, a court should first consider the statutory language. This is the best means of expounding the legislative intent. Where the statutory language is clear, it will be given effect without resort to other aids for construction. However, where the language is ambiguous, it is appropriate to examine the legislative history. *People v. Boykin* (1983), 94 Ill. 2d 138, 141; *People v. Moore* (1978), 69 Ill. 2d 520, 523, quoting *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40.

In *Moore*, this court applied these principles to a similar sentencing provision. At the time of that decision, section 8—4(c)(1) of the Criminal Code of 1961 provided that "the sentence for attempt to commit murder *shall not exceed* the sentence for a Class 1 felony." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(c)(1).) The minimum prison term for a Class 1 felony was four years. Ill. Rev. Stat. 1973, ch. 38, pars. 1005—8—1(b)(2), (c)(2).

This court noted in *Moore* that section 8—4(c)(1) referred only to the maximum sentence and did not set out a minimum sentence. The court concluded that the plain language of that sentencing provision was not ambiguous. Therefore, the court gave effect to the literal meaning of the provision, holding that the provision set out only a maximum sentence. *Moore*, 69 Ill. 2d at 522-23.

The State attempts to distinguish *Moore* from the facts of this case. The State invokes the principle that

where the legislature clearly expresses its intent in enacting a law, a court is not bound by literal statutory language that would defeat the obvious legislative intent. When such obvious legislative intent is clearly set forth, a court may modify, alter, or add statutory language so as to construe the statute according to the otherwise clear legislative intent. *People v. McCoy* (1976), 63 Ill. 2d 40, 45, quoting *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Comm'n* (1969), 42 Ill. 2d 385, 395.

The State contends that the legislative history of section 405.1(c) clearly expresses the obvious legislative intent that the minimum sentence for criminal drug conspiracy be the same as the sentence for the crime that is the object of the conspiracy. The State relies on a few statements by the sponsor of the bill that created the statute. 86th Ill. Gen. Assem., House Proceedings, May 12, 1989, at 50-51 (statements of Representative Santiago).

Although these comments support the State's contention, they do not constitute such a clear expression of obvious legislative intent as to allow us to ignore the unambiguous statutory language. "Once again, we give [statutory] language its ordinary meaning, for we start with the presumption that the legislature meant what it said." *Moore*, 69 Ill. 2d at 524.

The legislative debates on section 405.1 occurred in 1989, approximately 11 years subsequent to this court's decision in *Moore*. Where statutes are enacted after judicial opinions are published, it must be presumed that the legislature acted with knowledge of the prevailing case law. (*Illinois Power Co. v. City of Jacksonville* (1960), 18 Ill. 2d 618, 622; *Heineman v. Hermann* (1943), 385 Ill. 191, 196.) Also, while a court gives some consideration to statements by the sponsor of a bill, such statements are not controlling. *People v. Porter* (1988), 122 Ill. 2d 64, 81.

Thus, we return to the plain language of subsection (c). We presume that the legislature, especially with knowledge of *Moore*, meant what it said in the unambiguous language of the provision.

We note that, regarding the statute in *Moore*, the legislature subsequently amended section 8—4(c)(1) to tie a sentence under the attempt statute to a specific grade of crime committed. The legislature accomplished this by simply substituting the word "is" for the phrase "shall not exceed." Compare Ill. Rev. Stat. 1973, ch. 38, par. 8—4(c)(1), with 720 ILCS 5/8—4(c)(1) (West 1992).

We lastly and importantly note that a trial court, in its sound discretion, can impose a minimum sentence for criminal drug conspiracy in accordance with the minimum sentence for the crime that is the object of the conspiracy. See *Moore*, 69 Ill. 2d at 524.

For the foregoing reasons, the judgments of the circuit court of Kane County are reversed, and the causes remanded for further proceedings.

*Judgments reversed;*
*causes remanded.*