NO. 4-95-0649

                          IN THE APPELLATE COURT

                                OF ILLINOIS

                              FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    )   Appeal from

          Plaintiff-Appellee,           )   Circuit Court of

          v.                            )   Pike County

KIRBY C. HAUSMAN,                       )   No. 95CF44

          Defendant-Appellant.          )

                                        )   Honorable

                                        )   Thomas L. Brownfield,

                                        )   Judge Presiding.

_________________________________________________________________

                                     

          JUSTICE KNECHT delivered the opinion of the court:

          Following a jury trial in the circuit court of Pike

County, defendant Kirby C. Hausman was convicted of aggravated

battery (720 ILCS 5/12-4(b)(6) (West 1994)) and obstructing a

peace officer (720 ILCS 5/31-1 (West 1994)).  On July 24, 1995,

the trial court sentenced defendant to concurrent terms of three

years' imprisonment for aggravated battery and 364 days' incar-

ceration for obstructing a peace officer.  Defendant appeals,

contending the trial court sentenced him under the mistaken be-

lief the required minimum sentence for aggravated battery was

three years.  We agree and vacate defendant's sentence and remand

for a new sentencing hearing.

          At the sentencing hearing, the trial court made the

following statements while imposing sentence:

          "Based upon your prior criminal history I

          think it can certainly be the maximum of

          seven (7) years. ***  [B]ut I also want to

          take into consideration, the fact that while

          the jury convicted you, and I think rightful-

          ly so, of the offense of Aggravated Battery,

          a [C]lass 3 [F]elony, there was no substan-

          tial injury inflicted upon the deputy; that

          furthermore that you do have a young daughter

          at home, and I would hope that at some future

          point in time you would be able to be a hus-

          band and father without them having the fear

          that arose apparently that particular eve-

          ning.

               When I take all of those factors into

          consideration, even though I think your re-

          cord mandates a much longer sentence, I am

          going to impose the minimum sentence of three

          (3) years in the Illinois Department of Cor-

          rections."  (Emphasis added.)

On August 22, 1995, defendant filed a motion to reconsider sen-

tence, maintaining (1) the sentence was excessive; (2) the trial

court failed to determine his penalty with the objective of re-

storing him to useful citizenship; and (3) the trial court failed

to consider various factors in mitigation.  After the trial court

denied his motion, defendant appealed.

          On appeal, defendant argues the trial court intended to

sentence defendant to the minimum term, but imposed sentence

under a mistaken belief the requisite minimum sentence for aggra-

vated battery was three years rather than two years.  Defendant

argues the trial court's misstatement of the maximum sentence

further demonstrates a misunderstanding of the law.  Defendant

implicitly urges this court to consider the issue under the plain

error doctrine.  134 Ill. 2d R. 615(a).  Defendant cites two

cases where the first district found plain error applied when the

trial court sentenced a defendant based upon an apparent misun-

derstanding of the minimum sentence.  People v. Nodal, 89 Ill.

App. 3d 538, 543, 411 N.E.2d 1087, 1091 (1980); People v. Thorns,

62 Ill. App. 3d 1028, 1032, 379 N.E.2d 641, 644 (1978).

          The State argues the trial court intended to impose a

three-year sentence and was merely mistaken in noting it was the

minimum term for aggravated battery.  The State also argues the

plain error doctrine should not be invoked, contending the al-

leged error neither influenced the trial court's decision nor

denied defendant a fair hearing. 

          By failing to object at the sentencing hearing and

failing to raise the issue in his motion to reconsider, defendant

waived this issue.  People v. Burt, 168 Ill. 2d 49, 69, 658

N.E.2d 375, 385 (1995); People v. Compton, 193 Ill. App. 3d 896,

899, 550 N.E.2d 640, 642 (1990).  Rule 615(a), however, provides

an exception to the general waiver rule, permitting reviewing

courts to recognize and address plain errors in two situations:

(1) when the evidence is closely balanced or (2) when an error is

so fundamental a defendant may have been denied a fair sentencing

hearing.  People v. Beals, 162 Ill. 2d 497, 511, 643 N.E.2d 789,

796 (1994).  A defendant is entitled to be sentenced by a trial

judge who knows the minimum and maximum sentences for the of-

fense.  A misunderstanding as alleged here falls within the sec-

ond prong of the plain error rule.

          According to People v. Eddington, 77 Ill. 2d 41, 48,

394 N.E.2d 1185, 1188 (1979), "[a] misstatement of the under-

standing of the minimum sentence by the trial judge necessitates

a new sentencing hearing only when it appears that the mistaken

belief of the judge arguably influenced the sentencing decision." 

(Emphasis added).  Aggravated battery is a Class 3 felony, pun-

ishable by an imprisonment term of two to five years.  720 ILCS

5/12-4(e) (West 1994); 730 ILCS 5/5-8-1(a)(6) (West 1994).  Even

though the trial court correctly referred to aggravated battery

as a Class 3 felony, the reference to the maximum of seven years

and the imposition of "the minimum sentence of three (3) years,"

exceeds the "arguable" standard set forth in Eddington.  We do

not suggest defendant is entitled to less than three years. 

Given the circumstances of the case, the trial court is entitled

to impose a three-year sentence.  However, the record must estab-

lish the sentence is based upon a proper understanding of appli-

cable law.  It is likely the trial court simply misstated the

minimum and the maximum but had concluded three years was a prop-

er sentence.  Even experienced trial judges, such as the judge

here, can make a mistake.  Whether it was an inadvertent mis-

statement or a mistaken belief, it arguably influenced the

judge's sentencing decision.  We thus vacate defendant's sentence

and remand for a new sentencing hearing.

          If the prosecutor and defense counsel had given this

matter the needed attention, the unnecessary expenditures for

this appeal would have been avoided.  

          "The case is not over simply because defen-

          dant has pleaded guilty or been found guilty

          by a judge or jury.  The sentencing hearing

          is a significant part of the trial process,

          and both the People and the defendant deserve

          vigorous advocacy by their representatives in

          securing a sentence that is both fair and

          technically correct."  People v. Sims, 233

          Ill. App. 3d 471, 476, 599 N.E.2d 137, 140

          (1992) (Knecht, J., specially concurring).  

Both defense counsel and the State's Attorney were present for

defendant's arraignment when a trial judge, other than the one

who imposed sentence, informed defendant he faced a sentence of

two to five years.  Prior to sentencing, the State's Attorney

requested a five-year term.  While part of an adversarial pro-

ceeding, the sentencing hearing requires some collaboration on

the part of judge and trial counsel.  Had either side responded

with an objection or a clarifying question at the trial level,

the trial court would have had the opportunity to modify its

comments or the sentence and the expense of an appeal and a sec-

ond sentencing hearing would have been avoided.

          Defendant's sentence is vacated and the cause is re-

manded for a new sentencing hearing.

          Vacated and remanded.

          COOK and GREEN, JJ., concur.