THE COUNTY OF WILL *et al.*, Appellants, v. THE ILLINOIS STATE LABOR RELATIONS BOARD *et al.*, Appellees.

Third District   No. 3—90—0785

Opinion filed September 12, 1991.

Edward Burmila, Jr., State's Attorney, of Joliet (David A. Hibben, of State's Attorneys Appellate Prosecutor's Office, of counsel), for petitioners.

Roland W. Burris, Attorney General, of Springfield, and Jacalyn J. Zimmerman, of Illinois State Labor Relations Board, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois State Labor Relations Board.

Cornfield & Feldman, of Chicago (Jacob Pomeranz, of counsel), for other respondent.

JUSTICE SLATER delivered the opinion of the court:

This direct administrative review action stems from the Illinois State Labor Relations Board's (Labor Board's) finding that the County of Will is a joint employer with the Will County Board of Health (Board of Health) for the purposes of collective bargaining with the Board of Health employees. Because the county board's authority over the Board of Health's funding directly affects negotiations over wages, meaningful bargaining cannot take place without the presence of the County of Will according to the decision of the Labor Board. We believe that the decision is proper, and we affirm.

The American Federation of State, County and Municipal Employees, Council 31, AFL-CIO (AFSCME) petitioned the Labor Board for certification as the collective bargaining representative for certain employees of the Board of Health. AFSCME asserts that the Board of Health and the County of Will (county) are joint or co-employers of the Board of Health employees.

An administrative hearing was held on July 9, 1990, after which the hearing officer issued a recommended decision and order finding that effective and meaningful negotiations over essential terms and conditions of employment could not take place without the presence of both the Board of Health and the county. The hearing officer concluded as a matter of law that the county is a joint employer with the Board of Health for the purposes of collective bargaining. The county and the Board of Health filed exceptions to the recommended decision, and AFSCME filed a timely response thereto. The Labor Board, after reviewing the record, exceptions, responses and briefs, accepted the recommended decision of the hearing officer and adopted it as the decision of the Labor Board, certifying AFSCME as the exclusive representative for the purposes of collective bargaining with the joint employers. On its petition for administrative review, the county contends that the Labor Board's decision is against the manifest weight of the evidence.

Generally, a reviewing court must give deference to an administrative agency's interpretation of the statute it was created to enforce. (*City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 361, 522 N.E.2d 1219, 1222.) A significant reason for deferring to an agency's interpretation of its enabling statute is that the agency makes informed decisions based on its experience and expertise. (*Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n* (1983), 95 Ill. 2d 142, 153, 447 N.E.2d 295, 300; *Village of Wheeling v. Illinois State Labor Relations Board* (1988), 170 Ill. App. 3d 934, 941, 524 N.E.2d 958, 963, *aff'd* (1990), 135 Ill. 2d 499, 554 N.E.2d 155.) The key consideration in determining employer status under the statute is the extent to which an entity is necessary to maintain a stable and effective bargaining relationship. (*City of Rockford v. Illinois State Labor Relations Board* (1987), 158 Ill. App. 3d 166, 173, 512 N.E.2d 100, 104; *Du Page County Board*, 1 Pub. Employee Rep. (Ill.) par. 2003, Nos. S—RC—9, S—RC—17 (ISLRB April 26, 1985).) The Labor Board can consider a number of facts in determining whether an entity is a joint employer, including whether that entity has authority to hire and discharge employees, to fix compensation and fringe benefits, to adopt personnel rules and regulations, to tax and raise funds, and to approve its budget and grant funding. (See *County of Kane v. Illinois State Labor Relations Board* (1988), 165 Ill. App. 3d 614, 518 N.E.2d 1339.) The Labor Board must consider the facts of each particular case on a case-by-case basis in order to determine whether there is joint employer status in any given situation.

The Board of Health was established by referendum in 1946. As a result, the Will County Board is authorized to levy annually a tax not to exceed 0.1% of the value of all taxable property in the county which shall be levied and collected in like manner as general county taxes and shall be paid into the county treasury. (Ill. Rev. Stat. 1989, ch. 34, par. 5—25010.) The revenue derived from this local tax accounts for approximately 40% of the Board of Health's annual budget of $6,500,000. The county treasurer maintains a County Health Fund and serves as treasurer of the Board of Health, issuing all checks for the Board of Health. The county auditor audits all Board of Health receipts and expenditures.

Other significant sources of income for the Board of Health include State and Federal grants, State personal property tax replacement receipts and fees generated by the Board of Health from water well inspections, restaurant inspections and other services. The fees

are set by county ordinance in some cases and others are determined by the Board of Health.

The Board of Health must submit its annual budget to the county board. (Ill. Rev. Stat. 1989, ch. 34, par. 5—25013(A)(13).) All funds, whether derived from local property taxes, grants, or fees, pass through the county board's appropriation process. In 1989 the county board reduced the Board of Health's proposed appropriation for personnel services by $190,000, which in turn forced the Board of Health to reorganize its salary schedule.

The Board of Health is comprised of eight members who are appointed by the county executive with the approval of the county board. Members serve four-year terms without compensation. They may be removed only by the county executive with the approval of the county board. Ill. Rev. Stat. 1989, ch. 34, par. 5—25012.

The Board of Health establishes significant terms and conditions of employment for its health department employees. The Board of Health has statutory authority to hire, establish job duties and determine compensation of its employees. (Ill. Rev. Stat. 1989, ch. 34, pars. 5—25013(A)(10), (A)(11), (A)(12).) It has adopted the Will County Health Department Personnel Policies and Employee Handbook. The county board does not establish any personnel policy for health department employees.

The Board of Health maintains longevity pay and vacation plans which are different from the benefits the county employees receive. Health insurance benefits for health department employees are the same as county employees receive. The county's deferred compensation program is available to health department employees in the same fashion that it is to all county employees. The county is listed as employer of the health department employees and pays the employer's contribution to the Illinois Municipal Retirement Fund (IMRF).

We find that this case is analogous to *County of Kane* (165 Ill. App. 3d 614, 518 N.E.2d 1339), wherein joint employer status was found to exist between the County of Kane and the Kane County sheriff. Although in that case the sheriff had internal operations control over his office including conduct, discipline, scheduling, hiring and promotions, the sheriff submitted an annual budget to the county board for approval. Because the county board had authority to appropriate funds and the sheriff was required to stay within those appropriations, the court found that the sheriff did not have complete control over the wages, hours and working conditions of his employees. The county was held to be a necessary party to the creation of an effective bargaining relationship and a joint employer. In like fashion,

the *City of Rockford* court relied primarily on the issue of funding control in finding that a joint employer status existed between the city and the library.

■ Applying the *County of Kane* and *City of Rockford* cases to the facts of this case, it is clear that the county's discretionary control over the funding of the Board of Health requires the county's inclusion as a joint employer in order to create an effective bargaining relationship. The county is required to levy taxes each year which amount to 40% of the total Board of Health budget. All Board of Health funds, regardless of their source, must pass through the county board's appropriation process. The county is not required to appropriate those funds at any particular time. The appropriation process is not necessarily automatic and in the past the county board has refused to appropriate grant money into the Board of Health budget. This evidence establishes that the county has exercised significant control over sources of revenue for the Board of Health.

■ Other evidence establishing a joint employer relationship between the County of Will and the Will County Board of Health, includes the indirect authority the county executive and the county board exercise over the Board of Health by virtue of their appointment and removal authority. In addition, health department and county employees receive the same health insurance benefits and participate in the same deferred compensation program. IMRF contributions for Board of Health employees are paid by the county. The county treasurer maintains all funds for the Board of Health and issues payroll checks for the Board of Health. Clearly there is a shared control over the Board of Health's operations by the County of Will.

We affirm the decision of the Illinois State Labor Relations Board holding that the County of Will is a joint employer with the Will County Board of Health. The stay previously issued by this court is hereby dissolved.

Affirmed.

GORMAN and McCUSKEY, JJ., concur.