KATHERINE CHICZEWSKI, a Minor, By and Through her Next Friend, Linda Chiczewski, *et al.*, Plaintiffs-Appellants, v. EMERGENCY TELEPHONE SYSTEM BOARD OF Du PAGE COUNTY, Defendant-Appellee.

Second District   No. 2—96—1279

Opinion filed September 26, 1997.

Russell J. Heitz, of John Justin Wyeth & Associates, of Naperville, for appellants.

John B. Kincaid and Patrick K. Bond, both of Mirabella & Kincaid, P.C., of Wheaton, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiffs, Katherine, Linda, and Joseph Chiczewski, appeal from the trial court's order granting summary judgment in favor of defendant, the Emergency Telephone System Board of Du Page County. Plaintiffs argue that the trial court erred in finding defendant to be a public agency and erred in finding insufficient evidence of willful and wanton misconduct by defendant. We affirm.

Defendant entered into a contract with Illinois Bell in 1989 to provide enhanced 911 service in Du Page County pursuant to the Emergency Telephone System Act (the Act) (50 ILCS 750/0.01 *et seq.* (West 1994)). Defendant began collecting a surcharge of $0.50 per month per access line to support this service. On September 5, 1991, the Illinois Commerce Commission (ICC) gave defendant the authority to operate the enhanced 911 service. Defendant was instructed by the ICC to enter into "Joint Powers Agreements" with various public entities that were part of other 911 systems but whose boundaries were contiguous.

The City of Naperville (Naperville) is an adjacent "public agency" with whom defendant was instructed to enter into an agreement, but the city opted out of the agreement pursuant to section 15.3 of the Act (50 ILCS 750/15.3 (West 1994)). The residents of Naperville were protected under a separate emergency telephone system. However,

this system did not cover unincorporated areas outside Naperville. Defendant was ordered by the ICC on September 25, 1991, to cover these areas with its enhanced 911 system.

Plaintiffs reside in an unincorporated area outside Naperville that should have been covered by defendant's enhanced 911 system. On July 13, 1992, an intruder entered plaintiffs' home and severely injured plaintiff Katherine, the minor child of Linda and Joseph. Plaintiff Linda discovered her injured daughter and placed a 911 emergency call at approximately 4 a.m. The call was routed to Naperville's system instead of defendant's system. The 911 operator in Naperville informed plaintiff Linda that she could not dispatch emergency services to areas outside Naperville, but she immediately transferred the call to the Du Page County sheriff's office. The police were at plaintiffs' home within 11 minutes of the emergency call, and paramedics arrived a few minutes later. Plaintiffs did not wait for emergency services but instead drove plaintiff Katherine to a hospital before help arrived.

Plaintiffs filed suit against various parties, including defendant. On May 3, 1994, plaintiffs filed their second amended complaint, the complaint relevant to this appeal, alleging that defendant's actions amounted to willful and wanton misconduct. Plaintiffs alleged that defendant was a "public agency" in this complaint but have since contended that defendant is not a public agency. Defendant filed its motion for summary judgment. On September 26, 1996, the trial court granted defendant's motion. The trial court found that defendant was a public agency and that plaintiffs had failed to produce any evidence to support their claim and granted defendant's motion for summary judgment. Plaintiffs timely appealed.

Plaintiffs raise two issues on appeal: whether the Act applies to defendant for purposes of this lawsuit; and whether the alleged actions of defendant constitute willful and wanton misconduct.

■ Plaintiffs assert that the trial court erred in applying the 1996 amendments of the Act to defendant. The Act now provides:

"No public agency, public safety agency, emergency telephone system board, or unit of local government assuming the duties of an emergency telephone system board, nor any officer, agent or employee of any public agency, public safety agency, emergency telephone system board, or unit of local government assuming the duties of an emergency telephone system board, shall be liable for any civil damages as a result of any act or omission, except wilful or wanton misconduct, in connection with developing, adopting, operating or implementing any plan or system required by this Act." 50 ILCS 750/15.1 (West Supp. 1995).

This amendment alters the previous statute by specifically mentioning emergency telephone boards and units of local government acting as such boards. Plaintiffs assert that this is a substantial change to the statute and should not be applied retroactively. Defendant argues that the change in the statute is merely the clarification of existing law and should be applied retroactively.

■ A material change to a statute is presumed to be an alteration of the original statute. *People v. Woodard*, 175 Ill. 2d 435, 449 (1997). If, however, the circumstances surrounding the enactment of the amendment indicate the intention to interpret the statute, then this presumption is rebutted. *Friedman v. Krupp Corp.*, 282 Ill. App. 3d 436, 444 (1996). "An amendment of an unambiguous statute indicates a purpose to change the law, while no such purpose is indicated by the mere fact of an amendment of an ambiguous provision." *O'Connor v. A&P Enterprises*, 81 Ill. 2d 260, 271 (1980). "It is proper for a court to consider a subsequent amendment to a statute to determine the legislative intent behind and the meaning of the statute prior to the amendment." *Bloink v. Olson*, 265 Ill. App. 3d 711, 715-16 (1994).

■ In the present case, the trial court concluded that the amendment to the Act was merely a clarification of the immunity and not a substantive change. The purpose of section 15.1 of the Act is to provide limited tort immunity for the agencies responsible for creating and running the emergency telephone system in Illinois. See 50 ILCS 750/15.1 (West Supp. 1995). It is counter-intuitive to assume that the legislature originally intended to exclude the very boards that created the system from this immunity. We agree with the trial court that the amendment to the Act is merely a clarification of the Act and does not represent a substantive change. Therefore, defendant will only be held liable for tortious conduct that rises to the level of willful and wanton misconduct.

■ Plaintiffs next assert that the trial court erred in granting the motion for summary judgment pursuant to section 2—1005(c) of the Code of Civil Procedure (735 ILCS 5/2—1005(c) (West 1996)) because the jury, not the trial court, should determine whether defendant was guilty of willful and wanton misconduct. Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1996). In adjudicating a summary judgment motion, a court must construe the evidence strictly against the movant and liberally in favor of the nonmoving party. *Guerino v. Depot Place Partnership*, 273 Ill. App. 3d 27, 30 (1995). Summary judgment is a drastic means of resolving litigation and should be allowed only when

the moving party's right to judgment is clear and free from doubt. *Guerino*, 273 Ill. App. 3d at 30. We conduct a *de novo* review of an order granting summary judgment. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995).

■ Our legislature defined willful and wanton conduct in the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1—210 (West 1994)), as follows:

> " 'Willful and wanton conduct' as used in this Act means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1—210 (West 1994).

Plaintiffs are correct that the determination of willful and wanton misconduct should go to the jury (*Calloway v. Kinkelaar*, 168 Ill. 2d 312 (1995)), but are incorrect in assuming that a motion for summary judgment will fail because they have merely alleged willful and wanton misconduct. If plaintiffs have failed to produce any evidence of such conduct, then the motion for summary judgment must be granted.

■ Plaintiffs have failed to produce any evidence that defendant's actions amounted to willful and wanton misconduct.

> "To plead wilful and wanton conduct sufficiently, a plaintiff must allege either:
>
>> '[A] course of action which shows actual or deliberate intent to harm or which, if the course of action is not intentional, shows an utter indifference to or conscious disregard for a person's own safety or the safety or property of others.' " *Brock v. Anderson Road Ass'n*, 287 Ill. App. 3d 16, 25 (1997), quoting *Pfister v. Shusta*, 167 Ill. 2d 417, 421-22 (1995).

The complaint alleges that defendant did not enter into an agreement with the City of Naperville and was aware that plaintiffs' home was not sufficiently covered by their 911 service. However, the complaint fails to allege that defendant was responsible for the failed formation of the bilateral contract. Discovery established that Naperville actually opted out of the system. Defendant cannot now be held responsible for failing to enter into an agreement with a party that refused to agree. Additionally, plaintiffs failed to plead any facts or present any evidence that defendant should have been aware that calls from plaintiffs' subdivision would be misrouted to Naperville. There are no records that such a misrouting had ever occurred before this incident. In fact, an accidental 911 call had previously been made from plaintiffs' home and had been routed correctly.

Plaintiffs also assert that defendant received a monthly payment

for emergency telephone service for plaintiffs and failed to provide the service. Even if there were facts sufficient to support this allegation, it would not, by itself, amount to willful and wanton misconduct. Plaintiffs have only shown that a misrouting of an emergency call may have contributed to an 11-minute response time by emergency personnel. Plaintiffs have not presented any facts or other evidence that would evince "intent," "utter indifference," or "conscious disregard." Plaintiffs undertook a lengthy discovery process but were unable to find sufficient facts to support their claim and protect their action from a motion for summary judgment.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.