SCOTT CALIBRARO, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF THE BUFFALO GROVE FIREFIGHTERS' PENSION FUND *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—05—3838

Opinion filed August 29, 2006.

Thomas W. Duda, of Law Offices of Thomas W. Duda, P.C., of Arlington Heights, for appellant.

Karl R. Ottosen, Daniel K. Frey, and Carolyn Welch Clifford, all of Ottosen Britz Kelly Cooper & Gilbert, Ltd., of Wheaton, for appellees.

JUSTICE SOUTH delivered the opinion of the court:

This appeal arises from an order of the circuit court of Cook County dismissing plaintiff's first amended complaint.

Plaintiff, Scott Calibraro, was a firefighter/paramedic employed by the Village of Buffalo Grove. On August 5, 2002, he made a written

application to the Buffalo Grove Firefighters Pension Fund alleging he became permanently disabled as a result of the cumulative effects of his duties as a firefighter, which entailed working with hazardous and toxic materials.

On December 9, 2004, a hearing was conducted by the Board of Trustees of the Buffalo Grove Firefighters' Pension Fund (Pension Board) to determine plaintiff's eligibility for line-of-duty disability benefits. At this hearing, medical evidence, including the opinions of three examining physicians, was presented to the Pension Board regarding plaintiff's disability. All three of the examining physicians opined that plaintiff remained disabled as of the date of their examinations and had been disabled for a period exceeding 12 months.

At the conclusion of the hearing, there was a brief discussion among defendants, who are all members of the Pension Board, regarding whether there was affirmative evidence linking plaintiff's disability to his duties as a firefighter. Apparently, there was no question he was suffering from certain disabilities, but there was some doubt among the members that there was a sufficient nexus between his disabilities and his firefighting duties, entitling him to line-of-duty disability benefits. A motion was then made and carried on the record that the Pension Board go into closed session to conduct deliberations. Following deliberations off the record, the Pension Board went back into open session, and it was moved and carried that (1) plaintiff's application for an occupational disease pension be denied; (2) that his in-line-of-duty disability pension be denied; and (3) that the application for not-in-line-of-duty disability pension be granted due to a shoulder injury and his high blood pressure. Ultimately, the Pension Board prepared and made available for public inspection its written decision setting forth its determinative reasoning.

Plaintiff filed his complaint for administrative review in the circuit court of Cook County on January 12, 2005, and his first amended complaint for violation of the Illinois Open Meetings Act (5 ILCS 120/1 *et seq*. (West 2004)) on June 10, 2005. In the first amended complaint, plaintiff alleged that the Pension Board considered evidence outside the scope of the hearing and violated his rights to due process under the Open Meetings Act (the Act) by conducting its deliberations in closed session. The prayer for relief requested that the Pension Board's decision denying him line-of-duty disability benefits be reversed and that plaintiff be provided with a transcript of the evidence, including the closed session hearing.

Defendants filed a motion to dismiss the first amended complaint for administrative review pursuant to sections 2—619(a)(1) and (a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(1), (a)(9) (West

2004)) on the grounds that (1) the Open Meetings Act permits the Pension Board to deliberate in closed session, and such deliberations do not violate plaintiff's rights under the Illinois Pension Code (40 ILCS 5/1—101 *et seq.* (West 2004)); and (2) plaintiff's claim that the Pension Board considered evidence outside the scope of the hearing was unsupported by factual allegations.

On October 21, 2005, the court granted defendants' motion to dismiss the first amended complaint.

This appeal followed.

The issue we are called upon to resolve is whether the Act or the Pension Code applies in this case. Plaintiff maintains that the specific provisions of the Pension Code are controlling, thereby conferring upon him an absolute right to have been present at all phases of the hearing, including the deliberation. Defendants, on the other hand, maintain that the general provisions of the Act are controlling and that the Pension Board had the right to conduct deliberations on plaintiff's application in closed session subsequent to an evidentiary hearing in open session.

■■ Our standard of review of a motion to dismiss under section 2—619 is *de novo. Neppl v. Murphy*, 316 Ill. App. 3d 581, 583 (2000). A section 2—619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. *Neppl*, 316 Ill. App. 3d at 584. The question on appeal is whether the existence of a genuine issue of material fact should have precluded the dismissal, or absent such an issue of fact, whether dismissal is proper as a matter of law. *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995). Effective January 1, 1995, the legislature amended the Act. Sections 1 and 2 of the Act state, in relevant part:

"§1. Policy. It is the public policy of this State that public bodies exist to aid in the conduct of the people's business and that the people have a right to be informed as to the conduct of their business. In order that the people shall be informed, the General Assembly finds and declares that it is the intent of this Act to ensure that the actions of public bodies be taken openly and that their deliberations be conducted openly.

\* \* \*

§2. Open meetings.

\* \* \*

(c) Exceptions. A public body may hold closed meetings to consider the following subjects:

\* \* \*

(4) Evidence or testimony presented in open hearing, or in closed hearing where specifically authorized by law, to a quasi-adjudicative body, as defined in this Act, provided that the body prepares and makes available for public inspection a written decision setting forth its determinative reasoning." 5 ILCS 120/1, 2 (West 1996).

The Pension Code states in relevant part:

"[A] firefighter shall be entitled to 10 days notice before any hearing or meeting of the board at which the question of his or her disability is to be considered, and shall have the right to be present at any such hearing or meeting, and to be represented by counsel ***." 40 ILCS 5/4—112 (West 2004).

Courts, when interpreting a statute, must give the language of that statute its plain and ordinary meaning. *Maloney v. Bower*, 113 Ill. 2d 473, 479 (1986). The courts should first look to the statutory language as the best indication of the intent of the drafters. *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 51 (1990). In construing a statute, the fundamental principle of statutory construction is to give effect to the intent of the legislature, considering the statute in its entirety and noting the subject it addresses and the legislature's apparent objective in its enactment. *Gill v. Miller*, 94 Ill. 2d 52 (1983). When two statutes conflict, the more specific statute controls that which is more general. *Sierra Club v. Kenney*, 88 Ill. 2d 110 (1981). Furthermore, where two statutes conflict, the more recent is deemed to take precedence over the earlier. *Johnson v. State Electoral Board*, 53 Ill. 2d 256 (1972).

During the debates concerning the revisions to the Act, it became clear that it was the intent of the legislature that deliberations following evidentiary hearings are to be held in closed session, as stated by the sponsor of the bill, State Representative Barbara Flynn Currie:

"The point of the exception is to allow bodies authorized by statute to conduct adjudicatory proceedings to have a measure of confidentiality in evaluating the information that's presented at an open hearing. The format in which the information is presented to the body, the quasi-adjudicative body is a matter for determination by the body." 88th Ill. Gen. Assem., House Proceedings, April 20, 1993, at 60 (statements of Representative Currie).

Plaintiff does not dispute he was present during the hearing before the Pension Board to consider his application for disability benefits and presented evidence on his behalf, nor does he argue that he was not represented by counsel. Furthermore, the record is clear that the Pension Board, in compliance with section 2(c)(4), published its written decision for public inspection. Instead, plaintiff maintains that he had the additional right to be present during the deliberations, and

that such right was conferred upon him by the express terms of section 4—112 of the Pension Code, *i.e.*, "The firefighter \*\*\* shall have the right to be present at any such hearing or meeting \*\*\*." 40 ILCS 5/4—112 (West 2004).

■ However, based upon the 1995 amendment to the Act, we find that the Pension Board was not in violation of the Act by conducting its deliberation in closed session. The clear language of section 1 of the Act is that while it is the public policy of Illinois that public bodies such as the board conduct open hearings, it may hold a closed meeting to consider evidence or testimony presented in an open hearing. In the instant case, plaintiff's application for disability benefits was considered in an open hearing where evidence was presented. Once that hearing was concluded, the board exercised its right, which is conferred upon it under section 2(c)(4), to consider the evidence it had just heard in closed session.

To the extent that this provision of the Act conflicts with the Pension Code, case law is clear that section 2(c)(4) of the Act, which is the more recent statute, takes precedence over section 4—112 of the Pension Code, which was enacted in 1983. *Johnson v. State Electoral Board*, 53 Ill. 2d 256 (1972).

Therefore, we find the trial court did not err in granting defendants' motion to dismiss plaintiff's first amended complaint.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

WOLFSON and HALL, JJ., concur.