NO. 4-06-0774          Filed 5/3/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE CITY OF BLOOMINGTON,              )    On Direct Appeal
          Petitioner-Appellant,        )    from Illinois Labor
          v.                           )    Relations Board,
THE ILLINOIS LABOR RELATIONS BOARD,    )    State Panel,
STATE PANEL; and THE INTERNATIONAL     )    No. S-CA-04-166
ASSOCIATION OF FIREFIGHTERS, LOCAL     )
49,                                    )
          Respondents-Appellees.       )

---

          JUSTICE MYERSCOUGH delivered the opinion of the court:

          Petitioner, the City of Bloomington (City), appeals the

decision of respondent Illinois Labor Relations Board, State

Panel (Board), finding the City committed an unfair labor prac-

tice.  International Ass'n of Firefighters, Local 49, 22 Pub.

Employee Rep. (Ill.) par. 107, No. S-CA-04-166 (Illinois Labor

Relations Board, State Panel, August 23, 2006) (hereinafter 22

Pub. Employee Rep. (Ill.) par. 107).  The City argues the Board

erred in holding that the City was required to bargain with

respondent International Association of Firefighters, Local 49

(Union), over promotions to the position of assistant fire chief,

a position outside the bargaining unit represented by the Union.

We affirm.

I. BACKGROUND

          The Union is the exclusive bargaining representative of

a historical bargaining unit composed of the City's firefighters,

fire lieutenants, and fire captains.  The highest rank in the bargaining unit is captain.

Promotions within the bargaining unit are controlled by the parties' bargaining agreement.  The parties stipulated that the Bloomington Fire and Police Commission (Commission) controlled promotions to the rank of assistant fire chief, which since June 2003 has been the rank immediately above that of captain but is not within the bargaining unit.

On May 21, 2004, the Union sent the following letter to the City:

"It has come to the attention of IAFF Local [No.] 49 that Chief Ranney had proposed two (2) options to the Bloomington Fire and Police Commission ([Commission]) altering the promotional process for [a]ssistant [c]hief. According to the Fire [Department] Promotion[] Act [(Promotion Act) (50 ILCS 742/1 through 999 (West 2004))] the City is required to bargain with the certified representative of the rank immediately below the rank of [a]ssistant [c]hief, to wit IAFF Local [No.] 49 over the weights assigned to the various components of the test.  Accordingly, as the representative of IAFF Local

[No.] 49, I hereby demand that we commence

formal negotiations over the new Assistant

Chief promotional exam pursuant to the [Pro-

motion Act]."

The City refused the Union's demand for bargaining. The City claimed that while it was "bound by the provision of the *** Promotion Act," the process of appointing individuals to positions outside the bargaining unit was not a mandatory subject of bargaining. See Village of Franklin Park v. Illinois State Labor Relations Board, 265 Ill. App. 3d 997, 1005, 638 N.E.2d 1144, 1148-49 (1994) (First District); see also 50 ILCS 742/10(a), (d)(2) (West Supp. 2003) (eff. August 4, 2003).

On June 21, 2004, the Union filed an unfair labor practice with the Board. In November 2005, the executive director of the Board issued a complaint for hearing alleging the City violated sections 10(a)(4) and (1) of the Illinois Public Labor Relations Act (5 ILCS 315/10(a)(1), (4) (West 2004)) when it failed and refused to bargain in good faith over changes to the criteria for promotion to the rank of assistant fire chief. In December 2005, the City filed its answer to the complaint.

Because the facts were not in dispute, the parties agreed that in lieu of a hearing, the case should be decided on the basis of the record. The record consists of the complaint, the City's answer, stipulations by the parties, the Union's

motion for summary judgment, and the City's response to the motion for summary judgment.

On April 25, 2006, the administrative law judge (ALJ) issued a recommended decision and order herein finding an unfair labor practice based on Libertyville Professional Firefighters Ass'n, IAFF, Local 3892 v. Village of Libertyville, 21 Pub. Employee Rep. (Ill.) par. 211, No. S-CA-05-045, at 762, 762-63 (Illinois Local Labor Relations Board November 28, 2005) (finding the Promotion Act made the topic of promotions to nonbargaining unit positions a mandatory subject of bargaining) (hereinafter Village of Libertyville, 21 Pub. Employee Rep. (Ill.) par. 211)). International Ass'n of Firefighters Local 49, 22 Pub. Employee Rep. (Ill.) par. 107, No. S-CA-04-166 (ALJ recommended decision and order April 25, 2006). On May 31, 2006, the City filed its exceptions to the recommendation and order. The City claimed the ALJ erroneously held the Village of Libertyville board ruling was the law of the case, and the City asserted the First District's opinion in Village of Franklin Park v. Illinois State Labor Relations Board, 265 Ill. App. 3d 997, 638 N.E.2d 1144, was the controlling decision. The City also argued the ALJ erroneously held that the Promotion Act required the City to negotiate the terms of promotion to the assistant fire chief position.

In June 2006, the Union, in its response to the City's exceptions, sought additional relief. Specifically, the Union

claimed that since May 2004, the City had continued its promotional process for the rank of assistant fire chief, resulting in the creation of a promotion list and promotions being made in January 2006. The Union requested the promotional list be deemed invalid and any promotions to the rank of assistant fire chief since May 21, 2004, be rescinded.

In August 2006, the Board upheld the recommendation of the ALJ and adopted it as the decision of the Board as modified. The modifications included the additional relief sought by the Union. 22 Pub. Employee Rep. (Ill.) par. 107, at 414-15.

This appeal followed. The parties concede this appeal affects only two individuals.

## II. ANALYSIS

The City argues that at the time in question--prior to the 2006 amendment to the Promotion Act (Public Act 94-809, §5, eff. May 26, 2006 (2006 Ill. Legis. Serv. 1493, 1494 (West)) (amending 50 ILCS 742/10(d)(2) (West 2004))--the Promotion Act made promotions to positions outside the bargaining unit a permissive subject of bargaining, not a mandatory subject (see 50 ILCS 742/10(a), (d)(2) (West 2004)), and did not change the law set forth by Franklin Park. The Union argues the case is moot because the Promotion Act has been amended to specifically provide that promotions to the next rank immediately above the highest rank included within the bargaining unit a mandatory

subject of bargaining.

## A. Case Is Not Moot

According to the Union, the City's admission that the amended version of the Act makes promotions to the next rank immediately above the highest rank included within the bargaining unit a mandatory subject of bargaining renders the case moot. The Union cites Illinois Chiropractic Society v. Giello, 18 Ill. 2d 306, 310, 164 N.E.2d 47, 50 (1960), for the proposition that this "case must be disposed of by the reviewing court under the law as it then exists, and not as it was when the decision was made by the trial court."

Generally, statutory amendments relating to substantive rights apply prospectively while amendments relating to procedural rights apply retroactively. Ready v. United/Goedecke Services, Inc., 367 Ill. App. 3d 272, 275, 854 N.E.2d 758, 761 (2006), appeal allowed, 222 Ill. 2d 600, 861 N.E.2d 664 (2006) (No. 103474). The presumption that an amendment affecting substantive rights is prospective can be rebutted by express language or necessary implication. Ready, 367 Ill. App. 3d at 275, 854 N.E.2d at 761. Here, the amendment to the Promotion Act contains no express language that it applies retroactively.

The Giello case is inapposite here because it involved an injunction for conduct that was subsequently made lawful. Giello involved lawsuits to enjoin individuals from practicing

chiropractic without a license in violation of the Medical Practice Act (Ill. Rev. Stat., 1957, ch. 91, par. 5). Giello, 18 Ill. 2d at 307-08, 164 N.E.2d at 49. The Medical Practice Act prescribed certain educational requirements for the issuance of a license under the Act. Giello, 18 Ill. 2d at 308, 164 N.E.2d at 49.

At oral argument, the defendants therein claimed the benefits of an amendment to the Medical Practice Act that allowed certain educational requirements to be waived where the applicant passed a written exam on or before July 1, 1963. Giello, 18 Ill. 2d at 308, 164 N.E.2d at 50. The amendment also provided that an applicant would not be subject to prosecution for failure to have a license under the provisions of the Medical Practice Act during the time period covered by the Act (until July 1, 1963). Giello, 18 Ill. 2d at 310, 164 N.E.2d at 50.

The supreme court found the circuit court properly held that plaintiffs were entitled to injunctive relief under the state of the law when the injunctions were entered. Giello, 18 Ill. 2d at 310, 164 N.E.2d at 50. However, the court noted that "where the legislature has changed the law pending an appeal the case must be disposed of by the reviewing court under the law as it then exists, and not as it was when the decision was made by the trial court." Giello, 18 Ill. 2d at 310, 164 N.E.2d at 50. Through the change in the law, the legislature declared persons

such as the defendants temporarily qualified and removed the basis upon which injunctive relief was appropriate. Giello, 18 Ill. 2d at 311-12, 164 N.E.2d at 51 (noting no valid purpose is discernible for permitting private individuals to continue injunction suits to restrain conduct which has become lawful).

Here, because the legislature did not specifically indicate the amendment would apply retroactively, and because this case does not involve an injunction against conduct now rendered lawful, the statute does not apply retroactively and the case is not moot.

### B. History of the Subject of Promotions to Ranks Outside the Bargaining Unit

A public employer is required to bargain collectively with regard to matters directly affecting wages, hours, and conditions of employment as well as the impact thereon. 5 ILCS 315/4 (West 2004). A public employer and the exclusive representative have the duty to bargain collectively. 5 ILCS 315/7 (West 2004). An employer commits an unfair labor practice if the employer or its agent (1) interferes with, restrains, or coerces public employees in the exercise of the rights guaranteed in the Act; or (2) refuses to bargain collectively in good faith with a labor organization which is the exclusive representative of public employees in an appropriate unit. 5 ILCS 315/10(a)(1), (a)(4) (West 2004).

In 1994, prior to the enactment of the Promotion Act,

the First District in <u>Franklin Park</u>, 265 Ill. App. 3d 997, 638 N.E.2d 1144, found that because captains in the fire department were not members of the bargaining unit, the proposal for promotion to captain was not a mandatory subject of bargaining. <u>Franklin Park</u>, 265 Ill. App. 3d at 1005, 638 N.E.2d at 1148-49. The court found that the Illinois Public Labor Relations Act "does not impose a duty on the Village to bargain over promotion criteria for employees outside the scope of the bargaining unit." <u>Franklin Park</u>, 265 Ill. App. 3d at 1005, 638 N.E.2d at 1149.

In addition, the <u>Franklin Park</u> court affirmed the Board's decision that the following promotion issues were mandatory subjects of bargaining for promotions within a bargaining unit: (1) the criteria for promotions; (2) weighting criteria; (3) minimum eligibility requirements to participate in exams; (4) the order of promotion from the eligibility list; and (5) the posting of exam scores. <u>Franklin Park</u>, 265 Ill. App. 3d at 1001, 638 N.E.2d at 1146. The court also affirmed the Board's decision that the following issues were not mandatory subjects of bargaining (for promotions within the bargaining unit): (1) exam format and design; (2) the identity of those who conduct/administer oral and written parts of the exam; (3) standards and guidelines for exam questions; and (4) standards and guidelines for merit and efficiency ratings. <u>Franklin Park</u>, 265 Ill. App. 3d at 1001, 638 N.E.2d at 1146.

In 2003, the legislature passed the Promotion Act, effective August 4, 2003. Pub. Act 93-411, eff. August 4, 2003 (2003 Ill. Legis. Serv. 2251-57 (West) (enacting 50 ILCS 742/1 through 999)). The Promotion Act details various aspects of the promotion process. In general, the Promotion Act contains the following provisions: (1) that the appointing authority will administer a promotion process in accordance with the Promotion Act, including minimum eligibility requirements, publication of every component of the testing and evaluation procedures, and the appointing authority will provide a separate promotional examination for each rank filled by promotion (50 ILCS 742/15 (West 2004)); (2) the factors to determine a person's position on the preliminary promotion list (50 ILCS 742/20 (West 2004)); (3) that all aspects of the promotion process shall be monitored by two impartial persons appointed by the exclusive bargaining agent and may be monitored by two impartial persons selected by the appointing authority (50 ILCS 742/25 (West 2004)); (4) the weight given to any component in a test is set at the discretion of the appointing authority provided that the weight is subject to modification by the terms of any collective-bargaining agreement in effect as of the effective date of the Promotion Act or thereafter by negotiations between the employer and the bargaining representative; however, the provisions of this section do not apply if inconsistent with a provision otherwise agreed to in

a collective-bargaining agreement (50 ILCS 742/30 (West 2004));
(5) the material in a written examination must be pertinent to
the rank for which the examination is given and each department
shall maintain reading and study materials for its current
written examination and the reading list of the last two written
examinations (50 ILCS 742/35 (West 2004)); (6) seniority points
may be based only on service in the affected department as of the
date of the written examination and the seniority list shall be
posted before the written examination is given and before the
preliminary promotion list is complied; the weight of seniority
and its computation shall be determined by the appointing author-
ity or through a collective-bargaining agreement (50 ILCS 742/40
(West 2004)); (7) the promotion test is to include points for
ascertained merit, such as for education, training, and certifi-
cation in skills related to fire service; every person eligible
to compete for promotion shall be given an equal opportunity to
obtain ascertained merit points unless otherwise agreed to in a
collective-bargaining agreement (50 ILCS 742/45 (West 2004)); (8)
the promotion test may include subjective evaluation components
(50 ILCS 742/50 (West 2004)); (9) a veterans' preference (50 ILCS
742/55 (West 2004)); and (10) a right to review suspected errors
by the appointing authority or as otherwise provided by law (50
ILCS 742/60 (West 2004)).

The Promotion Act further defines "promotion" to

include, with certain exceptions not at issue here, "any appointment or advancement to a rank within the affected department *** (3) <u>that</u> <u>is</u> <u>the</u> <u>next</u> <u>rank</u> <u>immediately</u> <u>above</u> <u>the</u> <u>highest</u> <u>rank</u> <u>included</u> <u>within</u> <u>a</u> <u>bargaining</u> <u>unit</u>."  (Emphasis added.)  50 ILCS 742/5 (West 2004).  The parties agree that the assistant fire chief position falls within the definition of "promotion" under the Promotion Act.

The "applicability" portion of the Promotion Act prior to the 2006 amendment provided, in relevant part, as follows:

"(b) Notwithstanding any statute, ordinance, rule, or other laws to the contrary, all promotions in an affected department to which this Act applies shall be administered in the manner provided for in this Act. Provisions of the Illinois Municipal Code, the Fire Protection District Act, municipal ordinances, or rules adopted pursuant to such authority and other laws relating to promotions in affected departments shall continue to apply to the extent they are compatible with this Act, but in the event of conflict between this Act and any other law, this Act shall control.

***

(d)  This Act is intended to serve as a minimum standard and shall be construed to authorize and not to limit:

(1) an appointing authority from establishing different or supplemental promotional criteria or components, provided that the criteria are job-related and applied uniformly.

(2) the negotiation by an employer and an exclusive bargaining representative of clauses within a collective[-]bargaining agreement relating to conditions, criteria, or procedures for the promotion of employees who are members of the bargaining units.

(3)  The negotiation by an employer and an exclusive bargaining representative of provisions within a collective[-]bargaining agreement to achieve affirmative action objectives, provided that such clauses are consistent with

applicable law.

> (e) Local Authorities and exclusive bargaining agents affected by this Act may agree to waive one or more of its provisions and bargain on the contents of those provisions, provided that any such waivers shall be considered permissive subjects of bargaining." (Emphasis added.) 50 ILCS 742/10(b), (d), (e) (West 2004).

In 2005, following the enactment of the Promotion Act, the Illinois Labor Relations Board decided Village of Libertyville, 21 Pub. Employee Rep. (Ill.) par. 211. In that case, the union represented the employer's firefighters and firefighter/paramedics. The employer's lieutenants, positions immediately above the rank of firefighter, were specifically excluded from the bargaining unit.

The employer refused to bargain over a provision regarding the promotion of unit employees to the nonbargaining unit position of lieutenant, the next highest rank outside the bargaining unit. The Board noted that it and the appellate courts had previously held that promotions to nonbargaining unit positions were not mandatorily negotiable, referring to Franklin Park, 265 Ill. App. 3d 997, 638 N.E.2d 1144. However, in light of the passage of the Promotion Act, the Board revisited the

issue and concluded the Promotion Act "makes the topic of promotions to non[]bargaining unit positions in the context of fire departments mandatorily negotiable."  The Board, in a 4-1 decision, specifically found:

> "[T]he legislature pointedly included language providing that the FDPA's terms shall serve as a minimum standard and directed bodies interpreting that language that its terms should be construed to authorize and not limit bargaining over promotions, which include promotion to non[]unit titles.  In our view, there is no other way to read this language other than requiring, or, in other words, not limiting in any way, that parties bargain over promotions to non[]bargaining unit titles that are immediately above the highest unit rank."  Village of LIbertyville, 21 Pub. Employee Rep. (Ill.) par. 211, at 763.

Member Hernandez dissented, finding that the plain language of the Promotion Act authorized bargaining over promotions but did not require it.  Village of Libertyville, 21 Pub. Employee Rep. (Ill.) par. 211, at 764 (member Hernandez, dissenting).

Effective May 26, 2006, the legislature amended the

Promotion Act, changing only the language at issue herein in section 10(d)(2):

"(d)   This Act is intended to serve as a minimum standard and shall be construed to authorize and not to limit:

***

(2) The right of negotiation by an employer and an exclusive bargaining representative to require an employer to negotiate of clauses within a collective bargaining agreement relating to conditions, criteria, or procedures for the promotion of employees to ranks, as defined in Section 5, covered by this Act who are members of bargaining units." (Additions are indicated by underline/italics; deletions by strikeout.)  Pub. Act 94-809, §5, eff. May 26, 2006 (2006 Ill. Legis. Serv. 1494 (West)).

C. Legal Standard

1. Standard of Review on Appeal

Because this case involves a matter of statutory

- 16 -

interpretation, this court applies a de novo standard of review to the Board's determination. Wilson v. Department of Professional Regulation, 344 Ill. App. 3d 897, 907, 801 N.E.2d 36, 44 (2003) (de novo review of an administrative agency's decision limited to matters involving statutory interpretation). However, if the Promotion Act is an act the Board was created to enforce, and provided the statute is ambiguous, this court would then give deference to the administrative agency's determination. See County of Will v. Illinois State Labor Relations Board, 219 Ill. App. 3d 183, 185, 580 N.E.2d 884, 885 (1991); City of Decatur v. American Federation of State, County, & Municipal Employees Local 268, 122 Ill. 2d 353, 361, 522 N.E.2d 1219, 1222 (1988).

### 2. Statutory Interpretation

When construing a statute, the primary consideration is to determine and give effect to the legislature's intent. Burger v. Lutheran General Hospital, 198 Ill. 2d 21, 40, 759 N.E.2d 533, 545 (2001). The best evidence of the legislature's intent is the language of the statute itself. Calibraro v. Board of Trustees of Buffalo Grove Firefighters' Pension Fund, 367 Ill. App. 3d 259, 262, 854 N.E.2d 787, 790 (2006). A court must consider the statute as a whole so that no term is rendered superfluous or meaningless. Texaco-Cities Service Pipeline Co. v. McGaw, 182 Ill. 2d 262, 270, 695 N.E.2d 481, 485 (1998). Only where the language of the statute is ambiguous may the court resort to

other aids of statutory construction.  Jackim v. CC-Lake, Inc., 363 Ill. App. 3d 759, 764-65, 842 N.E.2d 1113, 1117 (2005).

When the legislature materially changes a statute, that raises the presumption that the change is an alteration, not a clarification, of the original statute.  Chiczewski v. Emergency Telephone System Board of Du Page County, 295 Ill. App. 3d 605, 608, 692 N.E.2d 691, 694 (1997).  That presumption is rebutted if the circumstances surrounding the enactment of the amendment indicate the legislature intended to interpret the statute.  Chiczewski, 295 Ill. App. 3d at 608, 692 N.E.2d at 694.  "'It is proper for a court to consider a subsequent amendment to a statute to determine the legislative intent behind and the meaning of the statute prior to the amendment.'"  Chiczewski, 295 Ill. App. 3d at 608, 692 N.E.2d at 694, quoting Bloink v. Olson, 265 Ill. App. 3d 711, 715-16, 638 N.E.2d 406, 410 (1994).

The Promotion Act was enacted approximately nine years after the Franklin Park decision.  When statutes are enacted after judicial opinions are published, it is presumed that the legislature acted with knowledge of the prevailing case law.  People v. Hickman, 163 Ill. 2d 250, 262, 644 N.E.2d 1147, 1152 (1994).  "A statute should not be construed to effect a change in the settled law of the State unless its terms clearly require such a construction."  In re May 1991 Will County Grand Jury, 152 Ill. 2d 381, 388, 604 N.E.2d 929, 933 (1992).  While the legisla-

- 18 -

ture did not state, in enacting the Promotion Act, that it was overruling the <u>Franklin Park</u> decision, the statute suggests the legislature's intent to overrule <u>Franklin Park</u>. Moreover, the 2006 amendment and legislative history clarify that intent and specifically address those issues raised in the <u>Libertyville</u> case decided by the Board (<u>Village of Libertyville</u>, 21 Pub. Employee Rep. (Ill.) par. 211).

### D. The 2003 Version of the Promotion Act Required Bargaining Over Promotions to Assistant Fire Chief

In response to the amendment to the Promotion Act, the City and Union agreed that promotions to the position of assistant fire chief were a mandatory subject of bargaining. However, the City continues to dispute that it committed an unfair labor practice in the past, arguing that at the time in question--prior to the 2006 amendment to the Promotion Act--the Promotion Act made the subject a permissive subject of bargaining, not a mandatory subject, and did not change the law set forth by <u>Franklin Park</u>.

The City argues the plain and ordinary meaning of the 2003 version of section 10(d)(2) allowed, but did not require, an employer to bargain over promotions to nonbargaining unit positions. In support of its claim, the City argues as follows: (1) the phrase "authorize and not to limit" is inconsistent with the creation of a mandatory duty and reading such language to mean "require" would lead to absurd results when applied to sections

- 19 -

10(d)(1) and (d)(3); (2) the purpose of the Promotion Act was to establish minimum standards for the promotion process and not to define the scope of an employer's bargaining duty; (3) section 10(d)(2) should not be construed to effect a change in the law because a presumption exists that the legislature was fully aware of the decision in Franklin Park and yet did not state its intention to overrule it; and (4) the legislature's 2006 amendment was intended to change the law.

The Board and the Union argue that as a whole, the Promotion Act manifests an intent by the General Assembly to make promotional criteria for the nonunit rank immediately above the highest bargaining unit rank a mandatory subject of bargaining (see, e.g., 50 ILCS 742/5 (defining "promotion"), 10(d)(2) (authorizing negotiation of clauses relating to conditions, criteria, or procedures for the promotion of bargaining unit employees) (West Supp. 2003)) and the 2006 amendment confirms this interpretation.

This court concludes that issues relating to the promotion to positions outside the bargaining unit, as defined by the Promotion Act, are mandatory subjects of bargaining. The Promotion Act specifically defines "promotion" to include promotions to the position at issue here. See 50 ILCS 742/5 (West 2004). Given that Franklin Park specifically held that promotions to the positions outside the bargaining are not a mandatory

- 20 -

subject of bargaining, the legislature's definition of "promotion" to include the next rank immediately above the highest rank included in the bargaining unit demonstrates the legislature's intent to overrule Franklin Park.  See In re May 1991 Will County Grand Jury, 152 Ill. 2d at 388, 604 N.E.2d at 933 (noting that a statute will not be construed to effect a change in settled law unless its terms clearly require such a construction).  In light of Franklin Park's prohibition on mandatory bargaining over promotions to the next highest nonunit position immediately following the highest rank within the bargaining unit, the legislature's authorization of bargaining of those positions reflects a reversal of Franklin Park and a mandate for mandatory bargaining of those positions.

Black's Law Dictionary's definition of "authorize" provides as follows:

> "1.  To give legal authority; to empower
>
> *** 2. To formally approve; to sanction."

Black's Law Dictionary 143 (8th ed. 2004).

That is what the legislature did, in light of Franklin Park's prohibition--gave legal authority for or empowered bargaining of these positions, i.e., mandating bargaining.  In light of the confusion over this issue that surfaced in Libertyville, 21 Pub. Employee Rep. (Ill.) par. 211, the legislature went back in 2006 and added the language "to require" to section 10(d)(2).

At most, the language "to authorize and not to limit" is ambiguous when applied to section 10(d)(2) when reading the Promotion Act in full. To interpret the language as suggested by the City, that the Promotion Act does not make bargaining over nonunit titles mandatory, would render meaningless the inclusion of the definition of "promotion" in section 5 and, in essence, render the legislation meaningless. See Libertyville, 21 Pub. Employee Rep. (Ill.) par. 211, at 768.

Nonetheless, because the language in subsection (d)(2) can be read both as providing that such subject may be bargained and, when read in the context of the Promotion Act as a whole, as requiring bargaining over such promotions, the provision is ambiguous and subject to reasonable debate about its meaning. Harrisonville Telephone Co. v. Illinois Commerce Comm'n, 212 Ill. 2d 237, 247, 817 N.E.2d 479, 486 (2004). The Board's interpretation in Libertyville therefore remains relevant to our resolution of this issue (Libertyville, 21 Pub. Employee Rep. (Ill.) par. 211) and although our review is de novo, we give deference to the Board's interpretation of the Promotion Act because the statute is ambiguous. See County of Will, 219 Ill. App. 3d at 185, 580 N.E.2d at 885. Moreover, this ambiguity permits an examination of the legislative history as well as deference to the Board's interpretation. See Jackim, 363 Ill. App. 3d at 764, 842 N.E.2d at 1117.

The legislative history of the Promotion Act relating to the 2006 amendment contains Senator Reitz's statement that the bill clarifies the requirement that the employer bargain over promotions like the one at issue here:

> "Thank you, Mr. Speaker. Senate Bill 827 is a follow-up from a Bill we did a few years ago. It just clarifies the requirement that a ...for an employer to bargain, as the exclusive bargaining agent, relating to conditions, criteria, and procedures for the promotion of employees. It affects...it's an initiative of the firefighters and I'd appreciate your support and I'd be happy to answer any questions. But it just clarifies the applica... applicable positions and it's an agreed Bill." 94th Ill. Gen. Assem., House Proceedings, March 28, 2006, at 3-4 (statement of Rep. Reitz).

See also 94th Ill. Gen. Assem., Senate Proceedings, March 2, 2006, at 181 (statements of Senator Link).

The use of the term "clarifies" indicates the legislature intended the Promotion Act to make mandatory subjects of bargaining all promotions to nonbargaining unit positions the next rank immediately above the highest rank included within a

- 23 -

bargaining unit. This 2006 amendment also indicates the legislature again affirmed the Board's decision in <u>Libertyville</u>.

To conclude, the language of the statute is ambiguous. However, given the comments of Representative Reitz, the fact that the Promotion Act changed the law articulated in <u>Franklin Park</u> and the amendment adopting <u>Libertyville</u>, and giving deference to the Board's decision, we conclude that the original 2003 version of the Promotion Act required the City to bargain with the Union over promotions to the assistant fire chief position.

### III. CONCLUSION

For the foregoing reasons, we affirm the Board's decision.

Affirmed.

KNECHT, J. concurs.

COOK, J., dissents.

JUSTICE COOK, dissenting:

Promotion procedures are important both to unions and to employers. If an employer is allowed to promote only anti-union employees, the survival of the union may be threatened. On

the other hand, if the union controls promotions, the union might end up running the company, destroying any pretense of managerial authority.  The solution has been to provide a legislative middle ground of neutral promotion procedures.  Leaving promotion procedures to mandatory collective bargaining may not be a solution; if an impasse is reached and the matter is resolved by an arbitrator, the employer may still lose important rights without its agreement.  Promotions at all levels are important to employers, but promotions to supervisory positions are particularly important.  See Department of Central Management Services v. Illinois State Labor Relations Board, 278 Ill. App. 3d 79, 83, 662 N.E.2d 131, 134 (1996) (noting the concern that prounion bias might impair a supervisor's ability to apply the employer's policies).

Along these lines, the Promotion Act (2003 Promotion Act) set minimum standards for promotion procedures.  The 2003 Promotion Act was a comprehensive restatement of fire department promotional procedures.  It followed and to some extent modified provisions set out in the Board of Fire and Police Commissioners Division of the Illinois Municipal Code.  Ill. Rev. Stat. 1989, ch. 24, pars. 10-2.1-1 through 10-2.1-30.  It followed the First District's decision in Village of Franklin Park, 265 Ill. App. 3d 997, 638 N.E.2d 1144, which had endorsed a decision of the Board.  Under the 2003 Promotion Act, eligibility requirements shall be

published a year in advance and all members shall be given an equal opportunity. 50 ILCS 742/15(b) (West 2004). The employer shall prepare a promotion list and a person's position on that list shall be determined by certain listed factors. 50 ILCS 742/20(a), (b) (West 2004). Appointments shall be made in accordance with rankings on the list, with the employer having the right to pass over a person in some circumstances. 50 ILCS 742/20(d) (West 2004). The Union may select impartial persons as observers. 50 ILCS 742/25(b) (West 2004). The weight given to any test component may be set at the discretion of the employer. 50 ILCS 742/30 (West 2004). Test questions and materials must be pertinent. 50 ILCS 742/35(a) (West 2004). Examinees have the right to obtain their scores immediately and review their answers. 50 ILCS 742/35(b) (West 2004). No employer personnel may see the questions before the examination. 50 ILCS 742/35(c) (West 2004). The basis for ascertained merit points shall be published in advance and all persons given an equal opportunity. 50 ILCS 742/45(a) (West 2004). Subjective evaluation components shall be identified to all candidates prior to application, be job-related, and be applied uniformly. 50 ILCS 742/50(b) (West 2004).

It may be a mistake to describe these standards as "minimum standards." "Default standards" may be a better phrase. The standards are not set in stone and can be changed if the

union and the employer choose to do so.  They do not set a limit beyond which the parties cannot go.  The 2003 Promotion Act provided:

> "(d) This Act is intended to serve as a minimum standard and shall be construed to authorize and not to limit:
>
> ***
>
> (2) The negotiation by an employer and an exclusive bargaining representative of clauses within a collective[-]bargaining agreement relating to conditions, criteria, or procedures for the promotion of employees who are members of bargaining units."  50 ILCS 742/10(d)(2) (West 2004).

See also 50 ILCS 742/30 (West 2004) (weight of test components shall be subject to modification by negotiations between employer and union).

The 2003 Promotion Act was addressed in the Board's 2005 decision in Village of Libertyville.  In that case, the Union sought mandatory bargaining over its proposal to depart from the 2003 Promotion Act regarding promotions to the nonbargaining unit position of lieutenant.  The ALJ recognized that the

- 27 -

parties could depart from the minimum standards but rejected the argument that the 2003 Promotion Act required mandatory bargaining, concluding that the 2003 Promotion Act "simply establishes that employers are to abide by the minimum requirements set forth in the [Promotion Act] and permits parties to bargain over procedures relating to promotions." Village of Libertyville, 21 Pub. Employee Rep. (Ill.) par. 211, No. S-CA-05-045, at 767 (Illinois Labor Board, State Panel, ALJ recommended decision and order April 4, 2005) (hereinafter Libertyville (ALJ recommended decision)). The ALJ found it significant that the legislature did not use the term "mandatory" when it referred to negotiation in section 10(d)(2) (50 ILCS 742/10(d)(2) (West 2004)). Libertyville (ALJ recommended decision), 21 Pub. Employee Rep. (Ill.) par. 211, at 767.

In a surprising decision however, the Board, one member dissenting, reversed the decision of the ALJ, concluding that its decision was required by the 2003 Promotion Act:

"[T]he legislature pointedly included language providing that the [2003 Promotion Act's] terms shall serve as a minimum standard and directed bodies interpreting that language that its terms should be construed to authorize and not limit bargaining over promotions, which include promotion to non[]unit titles. In

- 28 -

our view, there is no other way to read this language other than requiring, or, in other words, not limiting in any way, that parties bargain over promotions to non[]bargaining unit titles that are immediately above the highest unit rank." <u>Libertyville</u>, (ALJ recommended decision), 21 Pub. Employee Rep. (Ill.) par. 211, at 763.

The words "not limit" must be read as "requiring"? The 2003 Promotion Act would be "meaningless" unless it mandates bargaining over promotions to nonunit titles? The decision was appealed, but unfortunately the case was settled before the appellate court could address it. The majority asserts that the 2003 Promotion Act overruled <u>Franklin Park</u>. Slip op. at 17. The 2003 Promotion Act did not overrule <u>Franklin Park</u>. <u>Franklin Park</u> was "overruled" by the Board's decision in <u>Libertyville</u>. Our present case is the first opportunity for a court to review the Board's decision in <u>Libertyville</u>.

<u>Franklin Park</u> is noted for its emphatic rejection of the argument that predecessor statutes imposed a duty on the employer to bargain over promotion criteria for nonunit employees. "That captains are not members of the bargaining unit controls analysis of the argument. *** The Union does not represent captains." <u>Franklin Park</u>, 265 Ill. App. 3d at 1005, 638

- 29 -

N.E.2d at 1149. Also significant, however, is its rejection of the employer's appeal. The employer had argued that even where negotiation was required, the parties could not negotiate below the minimum standards established by the legislature. For example, the employer argued that the union's proposal that the highest-ranking candidate be promoted violated the provision of the Municipal Code that "[a]ll promotions shall be made from the 3 having the highest rating." Ill. Rev. Stat. 1989, ch. 24, par. 10-2.1-15. The court rejected the argument, concluding those provisions shall not be construed as "limiting" the duty to bargain collectively. Franklin Park, 265 Ill. App. 3d at 1006, 638 N.E.2d at 1149. That conclusion related to employees in the bargaining unit, where bargaining was mandatory. If the court had been dealing with an area of permissive bargaining, nonunit employees, it would have said "such other law shall not be construed as limiting the duty to bargain permissively." In the 2003 Promotion Act the word "limit" is again used to say that the minimum standards are not controlling. 50 ILCS 742/10(d) (West 2004). The word does not address what form of bargaining is required to go beyond the minimum standards.

The argument is made that the definition of the word "promotion" in the 2003 Promotion Act to include advancement to a rank "that is the next rank immediately above the highest rank included within a bargaining unit" (50 ILCS 742/5 (West 2004))

overturned <u>Franklin Park</u>.  Slip op. at 18-19.  I do not see that to be the case.  The Municipal Code standards applicable to fire and police departments, considered in <u>Franklin Park</u>, did not appear to be limited to promotions inside the bargaining unit.  See, <u>e.g.</u>, Ill. Rev. Stat. 1989, ch. 24, par. 10-2.1-15.  The 2003 Promotion Act was a comprehensive act setting minimum <u>standards</u> for promotion both inside and to some extent, outside, the bargaining unit.  The 2003 Promotion Act expressed no intention to overturn the long-standing rule that there was no duty to <u>bargain</u> over promotion criteria for employees outside the bargaining unit.

In 2006, perhaps to bolster the Board's decision in <u>Libertyville</u>, the legislature enacted a specific provision, amending section 10(d)(2) to recognize "[t]he <u>right of</u> an exclusive bargaining representative <u>to require an employer to negotiate</u> clauses within a collective[-]bargaining agreement relating to conditions, criteria, or procedures for the promotion of employees <u>to ranks, as defined in [s]ection 5, covered by this Act</u>."  (Added language underlined/italicized.)  Pub. Act 94-809, §5, eff. May 26, 2006 (2006 Ill. Legis. Serv. 1494 (West)).  The amendment clearly seems to change the meaning of section 10(d)(2), but the majority seizes upon a legislator's use of the word "clarifies" in his remarks on the floor.  The majority's stretch illustrates the dangers of using the passing remarks of a

- 31 -

single legislator to interpret a statute, particularly when those remarks find no support in the language of the statute. The majority's holding that the 2006 amendment only "clarified" the 2003 Promotion Act is contrary to its holding that the 2006 amendment is not retroactive. "[T]he legislature did not specifically indicate the amendment would apply retroactively ***." Slip op. at 7. The majority, however, uses the word "clarified" to make the amendment retroactive.

In the present case, after the passage of the 2003 Promotion Act, but before the Libertyville decision, the Union asserted that "the City is required to bargain *** over the weights assigned to the various components of the test" and demanded that "we commence formal negotiations over the new Assistant Chief promotional exam." The Union did not complain that the minimum standards of the 2003 Promotion Act had not been met. Its complaint was that the City refused to bargain. In June 2006, the Board held that the City had committed an unfair labor practice and ordered that the City rescind any promotions to the position of assistant fire chief made after May 21, 2004. Because Libertyville was incorrectly decided, and because promotions outside the bargaining unit were not a subject of mandatory bargaining until the 2006 amendment, I would reverse.